No. 2525.

THE MISSOURI PACIFIC RAILWAY COMPANY *v.* I. N. CRENSHAW.

1. RAILROAD EMPLOYES—RIGHTS AND DUTIES.—See charge of court *held* to be in accordance with previous decisions of this court as to the duties respectively of railroad companies and their employes in regard to the machinery used by the employes.

2. SAME—EMPLOYES.—They are charged with knowledge of patent defects and with the usual effects of use and wear upon the machinery used by them; but they are not charged, from the mere duty of using the machinery, with the further duty of inspecting it for latent defects. Such care may exist by contract.

3. CARE REQUIRED OF EMPLOYES.—It was not error to refuse an instruction that plaintiff could not recover unless it appeared that "plaintiff did not know of the defect and could not have known it by exercising care." Such charge does not indicate whether the ordinary care required of an employe to observe what was patent, or the care of an inspection made to pass upon the condition of the machinery as fit or unfit for the use required.

5. FACT CASE.—See facts sufficient to sustain a verdict for plaintiff for damages caused him by defective machinery.

6. DAMAGES NOT EXCESSIVE.—See facts where a judgment for five thousand dollars was not excessive for personal injuries.

APPEAL from Anderson. Tried below before the Hon. F. A. Williams.

The opinion sets out the facts, and the charges given and re-fused so far as necessary to a full understanding of the case. No question was made on the pleadings.

*John Young Gooch,* for appellant: A servant who has charge of and uses an implement which is subject to wear and to be-come defective from use, has imposed on him by law the duty of proper watchfulness and inspection, in order to presume it in a condition fit for the purpose to which it is devoted, and this for his own protection, whether directed by his master so to do or not. (Stroble v. Chicago, M. & St. P. R. Co., 28 Eng. and Am. Ry. Cases, pp. 510–514, and authorities; Covey v. Hannibal & St. Jo. R. Co., 28 Id., 382; Alexander v. L. & N. R. Co., 25 Am. and Eng. Ry. Cases, 458; M. R. & L. E. R. Co. v. Barber, 5 Ohio St., 541.)

2. If the implement used by Crenshaw was one in general use and easy to understand, and requiring little skill to operate it or to ascertain its defects, he will not be heard to complain that he was not informed of its construction, or that he did not assume the danger incident to its use. (I. & G. N. R. R. Co. v. McCarthy, 64 Texas, 632; Stroble v. R. R. Co., 28 Am. and Eng. R. Cases, pp. 510–514.)

3. To entitle a plaintiff to recover for an injury caused by a defective appliance, the proof must establish three propo-sitions:

First. That the appliance was defective.

Second. That the master knew it, or ought to have known it.

Third. That the servant did not have equal means of know-ing it with his master.

4. The verdict is contrary to the law and evidence, in this:

1. The evidence manifestly shows that plaintiff proximately contributed to his injury in the manner of loading and hauling the truck.

2. And shows that plaintiff knew or ought to have known of the defects complained of.

3. And shows that the nature of the business and the sim-plicity of the truck, and the previous use by plaintiff, made it his duty to know of the defect complained of, and that he must have known it, if in fact it existed.

4. And shows that if the truck was defective it was open to his observation, and that he did not report the defect to his superior in the service.

5. And shows that, if there was negligence on the part of defendant's servants, they were fellow servants of plaintiff's.

*W. Q. Reeves*, for appellee: The doctrine that a servant, having charge of and using an implement, is held to a knowledge that it may become defective from such use, has application only where, from the contract or the nature of the employment, the master has the right to look to the servant, and does look to him to keep the instrument in proper repair or report its defects, and this doctrine does not apply where the injured servant is of the lowest order, subject to the control of a boss; where he is injured from a latent defect, and the implement itself, as well as the servant, is under the control of such superior or boss—nor does it apply where the master furnishes machinery to such servant, which the master actually knows to be defective and dangerous, giving no notice thereof, and the defect is latent and unknown to the servant. Hence the refused special charge was inapplicable. As far as said charge was law, it was covered by the main charge. (Railway Company v. Kindred, 57 Texas, 491; Railway Company v. Hook, 60 Texas, 405, 406; Porter v. Railway Company, 2 Am. and Eng. R. R. Cases, 44; Wharton, 2 ed., sec. 212.)

2. Appellant's proposition applies only where the danger and defect is apparent and does not result from a latent defect, and where the master has confided to the injured servant and not to another the control and oversight of the machinery. It does not apply to a mere laborer, who, with the machinery, is under the charge and control of a boss, nor where the master having actual knowledge of the defect, yet put his laborer to work without notice thereof.

Where machinery has both an obvious and a latent defect and the servant is injured by the latent defect, the master is liable if the servant was ignorant of the latent defect and the master knew or ought to have known of it.

The main charge being silent on the subject of this proposition, and it not being embraced in the assignment of error, and there having been neither objection made to the charge, nor special charge asked, appellant has waived his right to complain, if any he had. (I. & G. N. Ry. Co. v. McCarthy, 64 Texas, 632; M. P. Ry. v. Callbreath, 66 Texas, 526; I. & G. N. Ry. Co. v. Kindred, 57 Texas, 491; H. & T. C. Ry. Co. v. Hook, 60 Texas, 405, 406; Porter v. H. & St. J. R. Co., 2 A. & E. R.

Cases, 44; Law of Master and Servant, Wood, secs. 327, 349, 352, 386, 353; Guthrie v. Ry., 15 A. & E. R. Cases, 213.)

3. The doctrine that a servant can not recover if he had equal means of knowledge with the master does not apply where the master actually knows of a latent defect of which the servant is ignorant, nor where the master has committed the duty of controlling, overlooking and furnishing the machinery to other than the injured servant, and where the injured servant is not either by his contract or the nature of his employment bound or expected to maintain the machinery, nor where the servant is but a laborer in charge of a superior boss, together with the machinery. (Porter v. H. & St. J. R. Co., 2 A. & E. R. Cases, 44; Law of Master and Servant, Wood, secs. 349, 366, 376.)

A servant does not assume risks of latent defects in the implements used. (T. M. R. v. Whitmore, 58 Texas, 288; Law of Master and Servant, sec. 349; Moak's Underhill on Torts, p. 57.)

5. The master is liable for the negligence of agent to whom he delegates his duty of supplying machinery.

The evidence shows that baggage master Bryan had charge of the room, porters and trucks, and that he was charged with the duty of supplying trucks to the baggage room. (3 Wood's Railway Law, p. 1469, sec. 377; H. & T. C. Ry. Co. v. O'Hare, 64 Texas, 600, syllabus, div. 4; T. M. R. Co. v. Whitmore, 58 Texas, 288; H. & T. C. Ry. Co. v. Marcellus, 59 Texas, 334.)

It is the duty of the master to exercise reasonable care to see that the servant is under no risk from defective machinery furnished him by the master, whether the defect arises from original construction or from want of repair, and the master failing in this duty, to the injury of the servant, is liable for damages, unless the servant is guilty of negligence, and where the servant is not, either by his contract or the nature of his employment, charged with the duty of caring for and looking after the machinery, such injured servant may rely upon the machinery being sound, and his failure to discover latent defects is not negligence on his part. (T. & P. Ry. Co. v. Scott, 64 Texas, 549; H. & T. C. Ry. Co. v. O'Hare, 64 Texas, 600; T. M. R. Co. v. Whitmore, 58 Texas, 288; Railway Accident Law, p. 300, sec. 284; Id., p. 303, sec. 286; Ry. Co. v. Bradford, 66 Texas, 732; Law of Master and Servant (Wood), secs. 326, 329, 345, 352, 359; 2 Thompson on Neg., 979; Cooley on Torts, p. 556, sec. 4.)

WALKER, ASSOCIATE JUSTICE. This is an appeal from a judgment in the district court for five thousand and seventy dollars as damages for personal injuries against the appellant. The injuries were alleged to have been caused by the negligence of the defendant, and its managing employes, in furnishing plaintiff a defective baggage truck with which to remove baggage to and from the trains in his employ as porter.

The defendant pleaded general denial, contributory negligence, and that the fellow servants of plaintiff in their common employment, contributed proximately to the injury by their negligence.

The facts in evidence are: Crenshaw, on November 1, 1886, entered the employ of the defendant company as a porter; his work was, in connection with another, to carry baggage from the cars to the baggage room, and from the room to the cars. In this work three trucks were used, one heavier and larger than the others. The larger truck was old and showed appearance of use; some plank were missing from the floor. In the ordinary work the lighter trucks were used, the other being used only when the quantity of baggage made it necessary—that is, when the smaller ones would not carry it. The heavy truck was out of repair, and its condition was known to the employes of defendant before plaintiff was employed, and he was not informed of its defects further than were manifest to his sight. The injury for which suit was brought was caused by a heavy trunk falling upon the left foot of plaintiff and mashing it. The circumstances of the transaction were that there was an unusual quantity of baggage, and all three trucks were loaded. Plaintiff was moving the heavy truck; had pushed it out of the baggage room and thereby turned it, placing one of the wheels under the bed of the truck, in order to get to the train, some ten or fifteen steps distant, when the bed tipped down, the trunks falling about and upon him. This tilting of the truck was attributed to the absence of the nut at lower end of the king bolt. There being nothing to hold it in place, it slipped up, causing the truck to tilt to one side.

One of the witnesses testified that "anyone could have found the defect in this pair of trucks by stooping down and examining underneath, but not otherwise, unless it was loaded heavily and got top heavy, when it would wobble. Besides the nut being absent, some of the planks in the floor were off, and any one looking at it was bound to see that they were off. It was

not fit to use. The baggage master was in charge of the trucks, and it was his duty to look after them and keep the room supplied with trucks."

As to the damage, two physicians testified that plaintiff was rendered a cripple for life. When injured he was receiving thirty-five dollars a month wages.

The court charged the jury upon the duty of the defendant to its employes in furnishing safe implements for their use, and the risks and care by the employe, as follows:

"It is the duty of railroad companies to use reasonable care in selecting and furnishing to their employes implements and appliances with which the latter are to perform their duties, to see that such implements are safe and appropriate ones to be used. The care which said companies are bound to use is such as ordinarily prudent persons would employ in such matters. The care to be used is to be considered with reference to the risk to be incurred, and must be reasonably proportioned to such risk. The duty also rests upon such companies to use such care to keep the implements in good and safe repair. They are not held, however, to insure their servants against hurts from defective appliances, but only to use the care just explained. After they have used such care they are not responsible for any hurt the servant receives while in the discharge of his duties. The servant upon entering the service assumes all risks to himself from his employment save those which flow from the negligence of the employer in the failure to perform such a duty as that herein before defined. The duty is also incumbent upon the servant to use reasonable care in the performance of his duties for his own protection against hurts. He is bound to use such care in using the implements as men of ordinary prudence would ordinarily use in his situation while performing the same duties resting upon him. For any injury received by him which by the exercise of such care as is just defined he ought to have foreseen and prevented, he can not hold the employer liable. But beyond the exercise of the care just defined the duty does not rest upon the servant to keep the instrument or tool he uses in repair, nor to search for and report defects unless by the contract between him and the master, or by the nature of the employment, that duty is devolved upon him. His duty is to protect himself, in doing his work with the implement, against such dangers as men of or-

dinary prudence acting in his place and performing his duties would commonly see and provide against."

The charge proceeds to apply the above law to the facts of the case. These rules are in accordance with authority of our own courts. (58 Texas, 288, Ry. Co. v. Whitmore; 64 Texas, 549, T. &. P Ry. Co. v. Scott; Ib., 600, 'I. & T. C. Ry. Co. v. O'Hare; 66 Texas, 526, M. P. Ry. Co. v. Callbraith; 66 Texas, 734, T. & P. Ry. Co. v. Bradford.) It is deemed unnecessary to restate them or to verify them by citations.

The defendant asked the court to give the following special instructions, and they were refused:

" 1. It was the plaintiff's duty, under his employment, to see that the truck in question was in a reasonable safe condition for the use to which it was applied, and if he failed to use reasonable care, observation and inspection to ascertain its defects, and he continued to use it until he was hurt, by reason of a defect which he could have discovered by such care, inspection and observation, you will find for the defendant. In deciding this question I charge you that if the plaintiff had charge of or used the truck, in the performance of his duties, and if it was of simple construction, and was subject to wear and become defective by use, the law imposes on him the duty of watchfulness and care to discover defects, whether he was especially directed by the railroad company or not in regard thereto. Therefore, if his injury resulted from his failure to perform this duty, he can not recover. He could not rightfully presume that said truck was safe for use without such watchfulness, inspection and care, as heretofore stated, if it was under his care or that of his fellow servants, and was subject to wear and become defective by use. If he did so presume, and as a result was injured by a defect which he could reasonably have discovered, he can not recover. If he had equal opportunity with the railroad company to discover the defect complained of, he can not recover."

" 2. The plaintiff can not recover unless he shows by a preponderance of testimony, first, that the truck was defective and that it caused the injury; second, that the railroad company knew it, or could have known it, by exercising care; third, that the plaintiff did not know of the defect and could not have known of it by exercising care, and he can not then recover if the manner of rolling the truck caused it to cut around and throw the trunks on his, Crenshaw's, foot."

The first charge refused was defective in imposing by its terms a degree of care upon the employe not required by the law. While charged with knowledge of patent defects and with the usual effect of use and wear upon the machinery, the employe is never charged by his mere duty of using it with the duty of inspection for latent defects. Besides, in this case, the defect was in fact known to the defendant—a like accident having happened before its employment of plaintiff. Plaintiff did not know of the defect, and without receiving information from others of it, could only have ascertained it by looking underneath the truck and inspecting it for defects. This he was not required to do.

As to the second charge, it does not correctly define the degree of care required of plaintiff. The proposition in the charge asked as a necessity to recovery, it must appear "That Crenshaw, the plaintiff, did not know of the defect, and could not have known of it by exercising care," does not suggest whether ordinary care required of an employe to observe what was patent, or the care of an inspection made to pass upon the condition of the machine for use, was required. Its refusal was proper. The question as to the sufficiency of the testimony was for the jury. The instructions fully submitted the issues made. That but for the defect in the truck it is shown the injury would not have been sustained.

The plaintiff testified he had loaded and was handling the truck in the usual way, and that he did not know of the defect, and could only have found it out by an inspection underneath the truck. That there was some testimony to want of care on part of defendant, and of proper care on part of the plantiff, can not be denied. The jury were satisfied as to its sufficiency. The verdict will not be disturbed for insufficiency in the testimony.

The error assigned that the verdict is excessive is not sustained by the record. The plaintiff was made a cripple for life, besides suffering great pain and much loss of time.

The judgment is affirmed.

*Affirmed.*

Opinion delivered October 9, 1888.