Sarah M. McWhirter et al. v. S. B. Allen et al.

No. 53.

**1. Deed—Description of Land.**—A transfer describing the land conveyed as " one-half, or 13 labors of land, of the headright certificate of the grantor, George W. King, to one league and labor of land, No. 661, first class, issued by the Board of Land Commissioners for Red River County, Republic of Texas; the survey lying between Bois d'Arc and Caney, Fannin County, Texas," is not void for want of description, since it is evident that any uncertainty as to the identity of this land can be explained by extrinsic evidence.

**2. Same—Interlineations.**—Where the original transfer shows interlineations on its face, the date when they were made, and whether they were fraudulently made or not, are questions for the consideration of the jury; the transfer and record thereof being more than thirty years old.

**3. Patent Issued to Wrong Person Invalid.**—Where land is appropriated by a valid location and survey, and the patent therefor, by mistake, is issued to one having no right to the land, the patentee does not thereby acquire any title, and the patent is invalid.

**4. Charge of Court — Special Instructions.** — Where a requested instruction which might properly have been given is connected with propositions distinct in character, and which it would have been improper for the court to have submitted to the jury, the rejection of the entire instruction does not afford cause of complaint.

Appeal from Fannin.   Tried below before Hon. E. D. McClellan.

*Chas. D. Grace*, for appellants.—1.   The transfer from G. W. King to W. S. McClure was improperly admitted in evidence, because it contained no sufficient description of the land.   Camley v. Stanfield, 10 Texas, 546; Lohff v. Germer, 37 Texas, 578; Kingston v. Pickins, 46 Texas, 99; Ragsdale v. Robinson, 48 Texas, 379; Wilson v. Smith, 50 Texas, 365; Norris v. Hunt, 51 Texas, 609; Rainbolt v. March, 52 Texas, 246; Steinbeck v. Stone, 53 Texas, 382; Bowles v. Beal, 60 Texas, 322; Brown v. Chambers, 63 Texas, 131; Bitner v. Land Co., 67 Texas, 341.

2.   The older patent having issued to W. S. Grace, it devolved on the defendants to show that it had been wrongfully issued.   Miller v. Brown-

son, 50 Texas, 583; Tom v. Sayers, 64 Texas, 339; Stevens v. Geiser, 71 Texas, 140.

*Taylor & Galloway* and *Richard B. Semple*, for appellees.—1. The transfer from G. W. King to W. S. McClure was properly admitted in evidence. Brown v. Simpson, 67 Texas, 225; Parker v. Chancellor, 73 Texas, 475.

2. The court did not err in charging the jury to decide the question, whether the 13 labors of the certificate which were located on the land in controversy were the 13 labors owned by Grace, or the 13 labors owned by King unsold at that date. Sherwood v. Fleming, 25 Texas Supp., 408; Wyllie v. Wynne, 26 Texas, 43.

3. The evidence abundantly sustains the finding of the jury, and the judgment should not be disturbed. Wells v. Moore, 15 Texas, 522; Muckleroy v. Bethany, 27 Texas, 551; Glasscock v. Hughes, 55 Texas, 461.

TARLTON, CHIEF JUSTICE.—This controversy, as here presented, involves an issue between the appellants, Sarah M. McWhirter and others, and the appellees, S. B. Allen and others, with reference to the title to a tract of 13 labors of land lying three and a half miles northwest from the town of Bonham, in Fannin County. The suit, brought by appellants, is in the nature of an action of trespass to try title. Plaintiffs seek to remove an alleged cloud from their title by the cancellation of patent No. 474, volume 19, for 13 labors or 13,000,000 square varas of land, issued to Washington S. McClure, assignee of G. W. King, July 5, 1873, and to be restored to their alleged rights under patent No. 468, volume 19, issued to William S. Grace, as assignee of G. W. King, June 30, 1873.

Appellants claim as heirs of William S. Grace; appellees as vendees, by mesne conveyances, of Washington S. McClure. All the parties claim under a certificate in the name of G. W. King for 26 labors of land.

1. The land in controversy is a part of a survey located by virtue of certificate No. 661, issued to G. W. King, for 26,000,000 square varas of land, on July 6, 1838.

2. January 18, 1839, G. W. King transferred one-half of this certificate to John McClure. February 20, 1839, McClure transferred this half to W. S. Grace. July 7, 1839, Grace located his portion of the certificate on a tract of land in Red River County, Texas.

3. November 28, 1838, G. W. King located his portion of the certificate on another tract of land in Red River County.

4. W. S. Grace died in the year 1840, and plaintiffs and appellants are his only heirs.

5. After the location by Grace of his portion of the certificate on the tract in Red River County, the location was lifted, and his portion of the

certificate was, on January 15, 1844, relocated on a tract of land lying on Pilot Grove Creek, now in Collin County.

6. After the location by King of his portion of the certificate on the tract in Red River County, his location was lifted, and on January 15, 1847, it was relocated on the land in controversy.

7. November 23, 1848, G. W. King transferred his portion of the certificate, with its location, to W. S. McClure.

8. June 30, 1873, Jacob Keuchler, Commissioner of the General Land Office, issued a patent for the survey, including the land in suit, to W. S. Grace. This patent was never delivered to any one. It was retained in the office by the Commissioner, who, on July 3, 1873, wrote across its face the following words: " Cancelled, July 3, 1873, having issued to the wrong assignee. Jacob Keuchler, Commissioner."

9. July 5, 1873, the Commissioner issued to W. S. McClure a patent for the above mentioned survey, and appellees herein hold by mesne conveyances under McClure.

We do not concur with appellants that the court erred in overruling their objection to the transfer from G. W. King to Washington S. McClure. This objection was two-fold:

1. The transfer was void in failing to sufficiently describe the land conveyed.

2. The transfer showed upon its face that the words " the survey lying between Bois d'Arc and Caney, Fannin County," were fraudulently interpolated after the transfer was executed and delivered; this being apparent from the fact that these words were written in black ink, while the remainder of the instrument was wholly in blue ink.

The property is described in the transfer substantially as follows: "One-half, or 13 labors of land, of the headright certificate of the grantor, George W. King, to one league and labor of land, No. 661, first class, issued by the Board of Land Commissioners for Red River County, Republic of Texas; the survey lying between Bois d'Arc and Caney, Fannin County, Texas."

Any uncertainty as to the identity of the land conveyed by this instrument could, it is evident, be explained by extrinsic testimony, and the deed was not void for want of description. Kingston v. Pickins, 46 Texas, 99; Wilson v. Smith, 50 Texas, 365; Brown v. Chambers, 63 Texas, 131; Overand v. Menczer, 83 Texas, 122.

As to the second objection: The transfer bears date November 23, 1848. It appears to have been recorded in Fannin County, June 7, 1853, and to have been filed in the Land Office August 22, 1853. These facts, we think, authorized the admission of the transfer in evidence as an ancient instrument, though an affidavit had been made impeaching its genuineness. The fact of the insertion or interpolation, and the date

and intention thereof, were questions for the consideration of the jury. Brown v. Simpson's Heirs, 67 Texas, 225; Parker v. Chancellor, 73 Texas, 475; Rodriguez v. Haynes, 76 Texas, 225.

There are several other assignments of error. We are not required to state them or to consider them consecutively. They are founded principally upon two propositions:

1. When the patent No. 468, dated June 30, 1873, in favor of Wm. S. Grace, was signed by the Commissioner of the General Land Office and the Governor, it was thereby issued; delivery was not essential to make it effective, and it was not in the power of the Commissioner to cancel it, though his signature had been affixed to it by mistake.

2. The patent so issued was in and of itself such evidence of title as to render it improper in the court to charge the jury with reference to the question, " Who first appropriated the land by valid survey, the plaintiffs, claiming as the heirs of Grace, or the defendants, claiming as vendees of McClure?"

Waiving consideration of the former of these propositions, we are clearly of the opinion that the view suggesting the latter is erroneous. This error pervades quite generally appellants' assignments. In fact, it constitutes the burden of their contention. If, as a matter of fact, the land in controversy was appropriated by a valid location and survey made for McClure, and the patent for the land was afterwards issued and delivered to Grace, he would thereby acquire no title. The patent could confer no right upon Grace to lands previously appropriated by McClure. The patent thus issued to Grace would be invalid. Sherwood v. Fleming, 25 Texas Supp., 409; Wyllie v. Wynne, 26 Texas, 43.

The plaintiffs requested two special instructions, and assign their rejection as error. The first of these instructions contains the proposition that the burden rested upon the defendants to show, in the event the patent was issued to Grace, that it was issued wrongfully. As a patent on its face is evidence of title in the patentee, it follows that it would devolve upon one claiming adversely to it to show that it was issued without authority. The proposition referred to might therefore require consideration from us but for the fact that it is connected in the requested charge with propositions distinct in character, and which, in our opinion, it would have been improper in the court to submit to the jury. The action of the court under such circumstances in rejecting the entire instruction does not afford cause of complaint. Hamburg v. Wood & Co., 66 Texas, 176.

The court, in a charge which impresses us as apposite and impartial, correctly referred to the jury, as a test whereby to determine the rights of the parties, the question, " Who, by valid location, first appropriated the land in controversy?" This question the jury, under evidence

warranting their action, answered in favor of the appellees.   We are not authorized to disturb their verdict; and the judgment is therefore affirmed.

*Affirmed.*

Delivered December 20, 1892.