CHARLES DILLINGHAM, RECEIVER, v. JAMES HARDEN.

No. 190.

1. Master and Servant — Negligence — Defective Implements.—
Action by Harden for damages for personal injuries sustained while in appel-
lant's employment, and while assisting in the lowering of a stone into a pit by
means of skids, one of 'which was defective. Appellant had ample opportunity
to examine and test the skids before using them, and Harden had no opportunity
for so doing, and did not know of the defect, or unsafe condition of the skid be-
fore using it. *Held*, it was the duty of the employer to exercise ordinary care
in furnishing appliances for handling the stone which were reasonably safe and
sufficient for the purpose, and a failure to do so was negligence.

2. Same.—The liability of the master to the servant for injuries received
from the use of defective implements arises from the fact that it is the duty of
the master to furnish implements not defective, and the servant, unless the de-
fect is patent, may assume that the master in this respect has performed his duty.

3. Same—Assumed Risk.—See opinion for special charge upon the risks
assumed by the servant held to have been properly refused, because inapplicable
to the facts and incorrect as a rule of law.

4. Same—Contributory Negligence.—In such case the servant would
be chargeable with negligence himself in using the appliance only in case that he
knew it was unsafe or insufficient, or in the event it was so obviously insufficient
and unsafe to use for the purpose and in the manner in which it was being used,
that a man of ordinary prudence would have known it.

APPEAL from Fannin.    Tried below before Hon. E. D. McCLELLAN.

*Head & Dillard*, for appellant.—1. The servant entering the employ
of the master assumes the risks ordinarily incident to the work when done
with the instrumentalities he knows the master has furnished for the pur-
pose. Railway v. Bradford, 66 Texas, 734.

2. The servant has the right to assume that the machinery is sound,
but when he has notice of the kind of machinery, and the injuries to be
expected therefrom are such as are open to common observation requiring
no special skill, he is chargeable with notice thereof and assumes the
same. Railway v. Bradford, 66 Texas, 734.

3. The undisputed evidence shows that plaintiff knew the kind of
machinery that was being used in doing the work, and the risks attendant
thereon were such as were open to common observation, and of which
plaintiff was as capable of judging as the defendant. Railway v. Lempe,
59 Texas, 19.

*G. G. Randell*, *C. B. Randell*, and *W. W. Wilkins*, for appellee, cited:
Railway v. Bradford, 66 Texas, 732; Railway v. Watts, 64 Texas, 568;
Railway v. Callbreath, 66 Texas, 526; Railway v. Crenshaw, 71 Texas,
340; Wood on Mast. and Serv., sec. 329, and notes 1, 2, p. 687.

LIGHTFOOT, CHIEF JUSTICE.—This suit was brought by appellee for damages for personal injury. The facts under the verdict were substantially as follows:

Appellant, Charles Dillingham, was on January 30, 1889, receiver of the Houston & Texas Central Railway Company, and as such had employed appellee as a laborer, and he was assisting in putting in a stone foundation for a railway water tank at Denison for appellant. An excavation had been made about four feet deep, and appellee that day, under the orders of appellant, was in the pit thus made to assist the mechanics in placing the stone. He had been previously engaged in drilling stone. He had some experience in that line, but had not been engaged in handling stone, and knew but little about the best methods of handling it. Previous to the injury of appellee, he only saw two or three stones put in the pit, and they were thrown in. While engaged in assisting the mechanics, he was suddenly called upon by the foreman (who had control of the hands and power to employ and discharge them) to take two skids that were leaning against the side of the pit and put the ends under a large stone, which had been carried to the edge of the pit by other employes, and to lower the other two ends of the skids to the bottom of the pit, which he did, and he was then told by the foreman to get out of the way, which he tried to do by stepping aside; but the stone was too heavy for one of the skids, and it broke, and the stone, instead of sliding down the skids, rolled off on the side of the broken skid, against appellee, and broke his leg. The two skids were about six feet long and two inches thick, and one was eight inches wide and the other ten inches wide. The narrower skid was too weak and defective to stand the weight of the stone, and broken a part of the way across, and cracked, and was unsafe and dangerous as an appliance for handling stone of this size and weight. The stone was about two feet square and weighed about 700 pounds.

Appellant had ample opportunity to examine and test the skids before using them, and appellee had no opportunity for doing so, and did not know of the defect or unsafe condition of the skid before using it. The safer way to handle stone in a pit such as was being worked in by appellee would have been with a derrick. The next best way was with skids, though this method is more dangerous. Appellee not being skilled in handling stone, did not know which was safer, and did not know of any defect in the skid, or that there was any danger in using the skids at the time and in the way they were used. Appellant was guilty of negligence in furnishing to appellee the unsafe and defective skid for handling the stone, and he was not guilty of contributory negligence in using it. The defective condition of the said appliance was not obvious or patent to a man of ordinary understanding, unskilled in the handling of stone.

*Conclusions of Law.*—1. Appellant's second assignment of error complains of the fourth paragraph of the court's charge, which is as follows: "If you believe from the evidence that the plaintiff, while in the defendant's employment, and while assisting in the lowering of a stone into a pit by means of skids, received an injury to his leg, by reason of one of the skids breaking or giving away and thereby precipitating the stone against his leg; and if you further so believe that the skid which broke or gave away was not reasonably safe or sufficient for the purposes for which it was being used, and that defendant was guilty of negligence in furnishing such a skid as that one was for that particular work, then, unless you find that plaintiff himself was guilty of negligence contributing to cause his injury, under instructions herein after given you, you will return a verdict for the plaintiff."

The court, in its ninth charge, instructed the jury as follows: "If the skid was insufficient so as to be unsafe to use in the lowering of the stone, and thereby plaintiff was injured, yet if the plaintiff knew that it was insufficient and unsafe to use it as it was being used to lower the stone; or taking into consideration the opportunity to examine it, if any, plaintiff had at the time he was called upon to assist in using it, and the manner of its use, and all the attendant facts and circumstances, if the fact that it was insufficient and unsafe to use was so obvious and plain that a man of ordinary prudence would be presumed to have known it, then the plaintiff is presumed to have taken the risk himself of using the skid, and if such be the case he was guilty of contributory negligence, and can not recover, no matter whether the defendant was guilty of negligence or not."

At the request of the defendant, the court further instructed the jury: "At the request of defendant, I instruct you, gentlemen, that plaintiff, in handling the stone in the pit, would be charged with a knowledge of the ordinary laws of nature, as of the tendency of solid bodies, unrestrained, to move down an inclined plane; the fact that the heavier the body is the greater is its downward pressure, and that more resistive force is demanded to restrain it in any given position; the liability of wooden planks or skids to break under too great weight; these and similar laws must he have known equally with defendant, and with defendant rested no duty of warning him concerning them."

The charge of the court upon this point was certainly as favorable to appellant as he had any right to expect, and we find no error in it. It was the duty of the employer to exercise ordinary care in furnishing appliances for handling the stone which were reasonably safe and sufficient for the purpose, and a failure to do so was negligence. Railway v. Bradford, 66 Texas, 732; Railway v. Watts, 64 Texas, 568; Railway v. Callbreath, 66 Texas, 526.

In the Bradford case above, our Supreme Court says: "The liability of the master to the servant for injuries received from the use of defective

implements arises from the fact that it is the duty of the master to furnish implements not defective, and the servant, unless the defect is patent, may assume that the master in this respect has performed his duty."

2. Appellant complains in his third assignment of the refusal of the court to give the following charge: "When one seeks and obtains employment from another, he assumes to know and accepts all risks ordinarily incident to that employment, and assumes to know the proper method of carrying it on; and if he is injured by any risk ordinarily incident to such employment, he can not recover; or if he is injured by reason of an improper method of carrying it on, he participating, he can not recover. Therefore you are instructed, that when plaintiff went to work lowering stone into the pit, he assumed all risks ordinarily incident to this kind of work, and if injured because of a risk assumed, he can not recover; he further assumed to know the method of lowering the stone into the pit, and if you believe the stone was lowered by an improper method, that plaintiff participated in lowering it, and because of the improper method adopted was injured, find for defendant."

The court, in its sixth charge, had already instructed the jury upon this point, as follows: "Every person who gets into an employment is held under the law to assume all risks ordinarily and naturally incident to such employment, and it is the duty of every person to use ordinary and proper care, as the same is herein before defined, to avoid injury to himself; and no person is bound as an insurer of the life or safety of his employes."

The fifth special charge, as requested, is not correct as a rule of law. According to the rule invoked by appellant in the requested charge, an employe could never recover for the negligence of the employer in furnishing defective or dangerous machinery or appliances or the manner of their use, as he would assume all such risks. The charge asked was not applicable to the facts proved. It was properly refused.

3. In his fifth assignment of error appellant objects to the following charge of the court: "The plaintiff had the right to assume, without examining or inspecting the skid, that it was sufficient and safe to use for the purpose for which it was furnished; he would only be chargeable with negligence himself in using it in case that he knew it was unsafe or insufficient, or unless it was so obviously insufficient and unsafe to use for the purpose and in the manner in which it was being used that a man of ordinary prudence would have known it."

This charge not only contains a correct proposition of law, but is perfectly clear, is directly applicable to the case, and there was no error in giving it. Railway v. Crenshaw, 71 Texas, 340, referring to Wood on Mast. and Serv., sec. 329, and notes 1, 2, p. 387.

4. The only remaining assignment of error is that the verdict of the jury is contrary to the evidence. We think the evidence is sufficient to

sustain the verdict, and that the judgment should not be disturbed. There is no complaint of the amount of the judgment, and the whole case seems to have been fairly and impartially tried.

The judgment is affirmed.

*Affirmed..*

Delivered February 14, 1894.

Motion for rehearing overruled April 18, 1894.