INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY ET AL.
v. J. M. COOK.

Delivered May 26, 1897.

**1. Pleading—Receiver of Railway Company—Return of Property.**

In an action begun against the receiver of a railway company, an amended petition which alleges that the receivership was terminated and the railroad and property of the company delivered back to it without sale, alleged a cause of action against the company, and it was not necessary to allege and prove the investment of the earnings of the road in betterments.

**2. Negligence—Receiver—Fellow-Servant.**

In an action for personal injuries against a railway company, based upon the negligence of its receiver in retaining in his employment a servant (conductor) known by him to be incompetent, and whose incompetency caused plaintiff's injuries, the court properly refused to instruct the jury that, "If plaintiff was injured by his own negligence and carelessness, or the negligence and carelessness of his fellow-servants, he can not recover, and the conductor and all other trainmen were his fellow-servants."

**3. Charge of Court.**

Requested charges are properly refused where they are already substantially given in the charge of the court.

**4. Master and Servant—Fellow-Servant Presumed Competent.**

No duty is imposed upon a servant to ascertain the competency or incompetency of his fellow-servant. He has a right to assume that his master has discharged his duty in employing and keeping in the service competent servants.

**5. Same—Erroneous Charge.**

In an action for personal injuries by an employe against a railway company, a charge which precludes plaintiff from recovering if he had the same means as the defendant of finding out the incompetency of the conductor through whose fault the injury occurred, imposes upon the plaintiff a greater burden and higher degree of care than the law requires.

**6. Charge of Court.**

Where a special charge is requested as a whole, and one of its paragraphs is not correct, the entire charge may be refused.

**7. Same—Limitation.**

A requested charge upon limitation not supported by pleading or evidence is properly refused.

**8. Same—Error in Complainant's Favor.**

Where the uncontradicted evidence shows that plaintiff was in the proper discharge of his duty at the time he received the injuries, a charge that the jury must so find, in order for plaintiff to recover, is error of which defendant can not complain.

**9. Practice on Appeal—Conflicting Evidence.**

Where there is ample evidence to sustain the verdict, the judgment will not be reversed because the evidence is conflicting.

APPEAL from Anderson. Tried below before Hon. JAMES R. BURNETT.

*G. H. Gould*, for appellant.—1. Said petition shows that plaintiff was injured while defendant road was in the hands of and being operated by a receiver, and before the trial said receivership had been closed and the receiver discharged, and the property returned to defendant company, and fails to show that the road had received any betterments or earnings from said receiver, and fails to state any facts which would show defendants liable. Railway v. McFadden, 33 S. W. Rep., 853; Railway v. Donavan, 86 Texas, 378; 2 Beach on Railways, sec. 719; Railway v. Huffman, 83 Texas, 286.

2. The court erred in refusing to give defendants' eighth special charge, as follows: "If you find from the evidence that said McNeece was an incompetent conductor, and in addition thereto defendants knew it, or ought to have known it, and that plaintiff was injured by reason of said incompetency, yet if you also find from the evidence that plaintiff knew of said McNeece's incompetency, or had the same means of knowing such incompetency as defendants had, he can not recover." Because that proposition is not found in the general charge; and the evidence showed that plaintiff had a better opportunity of knowing McNeece's qualifications than defendants. Robinson v. Railway, 46 Texas, 550; Wood on Mast. and Serv., 2 ed., secs. 422, 423; McKinney on Fellow-Servants, 198, 199.

3. If, as has been held, the filing of a petition in court against a party without ordering out citation within a reasonable time will not suspend the running of the statute of limitation, then it would seem that merely making a party a defendant in a case without asking relief against him, or a judgment against him, would not suspend the running of the statute. Ricker v. Shoemaker, 81 Texas, 22; Angel on Lim., sec. 312; 24 Am. and Eng. Encyc. of Law, 493.

4. The law presumes that the master has done his duty in selecting competent servants, and that presumption prevails until overcome by a preponderance of evidence, which principle was disregarded by the jury in this case. Oil Co. v. De Bond, 25 S. W. Rep., 45; Wood's Law of Mast. and Serv, 819, 820.

*Upson, Bergstrom & Newton,* for appellee.—1. The right was reserved in the agreement (which it is alleged was violated) by both parties to introduce any further testimony they may deem proper, not contradictory of the testimony given in the statement of facts by their own witnesses. The testimony complained of in this bill did not contradict the testimony of this witness as contained in the statement of facts.

2. The declarations of a deceased surveyor as to corners and boundary lines, to be admissible, must be such as the surveyor was in a position to have knowledge of and know the truth of his declarations; and it is incumbent upon the party who seeks to use such declarations to satisfactorily establish such predicate by evidence independent of the acts and statements of the party whose declaration is sought to be used; and in the absence of such predicate, it is error to admit the declarations of such decedent. Russell v. Hunnicut, 70 Texas, 657; Titterington v. Trees, 78 Texas, 567; Stroud v. Springfield, 28 Texas, 649; George v. Thorn, 16 Texas, 74; Hurt v. Evans, 49 Texas, 311; Knippa v. Umlang, 27 S. W. Rep., 915.

NEILL, ASSOCIATE JUSTICE.—This appeal is from a judgment for $6500 recovered by the appellee, J. M. Cook, against the International & Great Northern Railroad Company for personal injuries inflicted on him through the negligence of T. M. Campbell, the receiver of the company, while its road was operated by him.

This is the third appeal from judgments in favor of appellee; and it is unnecessary for us to make an extended statement of the case, as it can be found in the decisions of the court on former appeals. Campbell v. Cook, 24 S. W. Rep., 977; 26 S. W. Rep., 486; and Railway v. Cook, 33 S. W. Rep., 888.

*Conclusions of Fact.*—The appellee, J. M. Cook, was, on the 10th day of November, 1891, in the employ of T. M. Campbell, receiver of appellant company, as a brakeman, and when he was in the discharge of the duties of his employment, endeavoring to remove a pin from the drawhead of a car preparatory to making a coupling, the conductor of the train on which he was employed, who was also a servant of said receiver, gave the engineer a signal to "back up" the train, and in obedience to the signal so given the cars attached to the engine were pushed against the car from which appellee was trying to draw the pin, and appellee was thereby caught and mashed between the cars and serious and permanent injuries inflicted upon his person, from which he was damaged in the sum of $6500. The conductor who gave said signal was wholly incompetent to discharge the duties of his employment; and such incompetency was known or could have been known by said receiver by the exercise of ordinary care and prudence, which, through negligence, he failed to exercise. But the appellee was ignorant of the incompetency of said conductor, and presumed, as he had a right to, that the conductor was competent to discharge the duties of his employment. The

signal given by the conductor would not, under the circumstances, have been given had he been competent to discharge his duties; and the negligence of the receiver in retaining said conductor in his employment after he was charged with knowledge of his incompetency was the proximate cause of appellee's injuries—the appellee being guilty of no negligence contributing thereto. After appellee was injured through the negligence of said receiver, the receiver was discharged, and the road, together with all the property of the railroad company, was, by an order of the court which appointed the receiver, returned to the International & Great Northern Railroad Company.

*Conclusions of Law.*—1. The petition of the plaintiff having alleged that pending the suit the receiver was discharged, the receivership closed, and the railroad and property of the company delivered back without sale to the International & Great Northern Railroad Company, stated a cause of action against said company. Yoakum v. Kroeger, 27 S. W. Rep., 953; Fordyce v. Du Bose, 87 Texas, 78; Railway v. Cook, 33 S. W. Rep., 272; Howe v. St. Clair, 27 S. W. Rep., 802; Bonner v. Blum, 25 S. W. Rep., 60. The receiver having been discharged and the property of the company returned to it without sale, it was not necessary to allege and prove the investment of the earnings of the receiver in betterments.

2. It was not error for the court to refuse to instruct the jury at appellants' request: "That if plaintiff was injured by his own negligence and carelessness, or the negligence or carelessness of his fellow servants, he can not recover. And the conductor and all other trainmen were his fellow-servants." This charge would prevent the plaintiff from recovering upon his cause of action—the negligence of the receiver in retaining in his employment a servant known by him to be incompetent, whose incompetency caused appellee's injuries. Railway v. Cook, 33 S. W. Rep., 888.

3. Special charges numbers 4, 5, 6, 7, 8, 10, and 13 were properly refused by the court, because substantially given in the charge of the court, and for that reason it was not error to refuse them.

4. The court did not err in refusing to instruct the jury, at appellant's request, that if plaintiff knew of the conductor's incompetency, or had the same means of knowing such incompetency as defendant had, he can not recover." The jury had been informed by the main charge that if appellee knew of the incompetency he could not recover. The remaining part of the special charge asked is not the law. No duty is imposed upon a servant to ascertain the competency or incompetency of his fellow-servant. He has a right to assume that his master has discharged his duty in employing and keeping in his service competent servants. Railway v. Crenshaw, 9 S. W. Rep., 262; Railway v. Johnson, 35 S. W. Rep., 1042.

5. The court properly refused to give the tenth special charge asked by appellants, because (1) the first, second, fourth, and fifth paragraphs of the same were given in the main charge, and the third paragraph, which precluded appellee from recovering if he had the same means of finding

out the incompetency of the conductor as appellants, imposed on appellee a greater burden and higher degree of care than is required by law; and (2) the special charge being asked as a whole, and the third paragraph being improper, it was proper to refuse it, even if the instruction contained in the other paragraphs had not been given. McWhirten v. Allen, 20 S. W. Rep., 1007; Hamburg v. Wood, 66 Texas, 176.

6. The appellants asked the court to instruct the jury: "If you find from the evidence that more than one year elapsed from the date of the discharge of T. M. Campbell as receiver of the International & Great Northern Railroad to the 27th day of March, 1896, then plaintiff's claim against said railroad company is barred by limitation, and you will find for defendants." The court did not err in refusing to give this charge, because (1) there were no pleadings nor evidence to support it; (2) the evidence was uncontradicted that the receiver was discharged in February, 1892, and that plaintiff filed his amended petition on October 25, 1892, making the International & Great Northern Railroad Company a party defendant; and (3) if plaintiff's cause of action was barred by limitation, it would not have been proper to instruct the jury to find in favor of both defendants, as asked in the special charge. Railway v. Cook, 33 S. W. Rep., 888; Railway v. Huffman, 83 Texas, 286; Act March 19, 1889.

7. Each issue presented by the pleadings and evidence and the law applicable to it was distinctly and clearly presented in the court's main charge, and no jury of ordinary intelligence could have failed to have understood the issues stated or the law given as applicable to them.

8. The burden of showing that he was in the proper discharge of his duty at the time he was injured was on the plaintiff; and if the court charged the jury that they must find he was in the proper discharge of his duty in order for him to recover, when the uncontradicted evidence showed that he was in the proper discharge of his duty, the error was in appellant's favor, and they can not complain of it. Dunham v. Lumber Co., 73 Texas, 78.

9. The assignments of error not considered in the foregoing conclusions complain of the insufficiency of the evidence to support the verdict. While the testimony on some of the essential issues is conflicting, we think it is amply sufficient to support the verdict, and we are not authorized to disturb it on the grounds assigned.

There is no error in the judgment, and it is affirmed.

*Affirmed.*

Writ of error refused by Supreme Court.