## GULF, COLORADO & SANTA FE RAILWAY COMPANY v. MRS. FANNIE E. ROYALL.

### Decided January 12, 1898.

**1. Sufficiency of Evidence—Jury—Witness Contradicting Himself.**

On the issue of the injured person's knowledge of the defects in a car causing his injury, the sole witness to prove such knowledge testified to a conversation about the defects which showed that they had come to the notice of the person injured; in a previous deposition he had testified that they had no such conversation. His testimony, in view of such contradiction, was not conclusive proof of knowledge of the defect.

**2. Same—Master and Servant—Contributory Negligence—Burden of Proof.**

The burden of showing knowledge by injured servant of the defects causing his injury is on defendant, and where evidence to show it may properly be rejected on account of inconsistencies a finding in favor of plaintiff will be sustained.

**3. Damages by Death of Son.**

An award of $2000 as damages to the plaintiff by the death of her son through defendant's negligence, she having an expectancy of life for six to nine years, and the son being a brakeman earning $60 to $70 per month to her support, was not excessive.

APPEAL from Brown.   Tried below before Hon. J. O. WOODWARD.

*J. W. Terry* and *Chas. K. Lee,* for appellant.

*O. R. Sholars, Lipscomb Norvell, D. W. Doom* and *D. H. Doom,* for appellee.

COLLARD, ASSOCIATE JUSTICE.—This suit was instituted by appellee, F. E. Royall, the mother of N. H. Royall deceased, to recover damages for his negligent killing by the Gulf, Colorado & Santa Fe Railway Company, the alleged negligence consisting of defective fastenings of an end gate to a coal car, which fell upon N. H. Royall while he was attempting to couple the car to another car, and so caused his immediate death, he at the time acting carefully, without knowledge of the defect, which defect was, at and before the time of the killing, well known to defendant.

Defendant answered by general demurrer, general denial, and plea of not guilty.   There was a trial by jury, resulting in a verdict and judgment for plaintiff for $2000 damages, from which the Railway Company has appealed.

We find the facts proven on the trial as follows: Plaintiff is the surviving mother of Nathaniel H. Royall. He was killed while attempting to couple a coal car to the caboose, by the falling or swinging out of the end gate of the car, which struck him and caused his death in a few minutes. He was working at the time in his employment for defendant as a brakeman, the car being used at the time by defendant, at San Angelo, Texas. He was assisting in making up a freight train of defendant, running between San Angelo and Goldthwaite. The coal car belonged to the Missouri, Kansas and Texas Railway Company. C. A. Collins was in charge of the train, and it was by his order that the coal car was attempted to be coupled to the caboose, under directions of M. J. Dooly, defendant's station agent.

The defect in the end gate of the coal car was, there was no hinge on one side, and no fastenings at either end or top. This defect caused the injury.

The jury were authorized to find that it had not been shown that Royall knew of the defect in the end gate before or at the time of his injury; and, in deference to the verdict, we can not say the fact was proved. The witness Lamon, upon whose depositions, taken twice by defendant, defendant relies to prove the fact, did testify that Royall knew of the defect some twenty minutes before the accident; but his different depositions, taken at different times, are contradictory on a material fact, tending to show such knowledge on the part of Royall. In the first deposition he testified that they set the end gate up, but that they had no conversation about it. In later depositions of the same witness, taken two years after, he said that when they set the gate up, they noticed it had nothing to secure it, and some remark was made about it at the time, but he could not remember what was said. The accident occurred, he says, some twenty minutes afterwards. If nothing was said about the defect at the time it was set up there would be no evidence that Royall knew of the defect except the fact that it was lying down when they saw it and they set it up; but to fix knowledge of the defect upon Royall, and that he noticed it, the remark made about it was important and conclusive, if true.

The jury evidently declined to credit Lamon's evidence upon this subject. No other witness testified to the very question. Giving to the verdict the effect it should have, we find that it was not shown that Royall, at the time or before he was hurt, had notice of the defect mentioned. Defendant's negligence was proved.

At the time of his death he was a young man, and had a life expectancy of thirty-six years and over; he was receiving as wages from $60 to $70 per month, not as regular salary, but for the number of miles he traveled. He was contributing to his mother's support and maintenance $20 to $35 per month. His regular contribution was $20 per month, but on two occasions he gave her $35 per month, and on two, $50 per month. His mother was a healthy woman at the time of his death, and her life expectancy was six to nine years. She was 69 years of age.

*Opinion.*—It was the province of the jury to decide the issues of fact and pass upon the credibility of the witness, and the weight of the testimony. ˙ It was in their legitimate power to reject the testimony of the witness Lamon as to Royall's knowledge of the defect in the gate of the coal car.   He was the only witness that testified upon the subject.   We do not believe we should hold that the jury abused their power, in view of the fact that the witness's testimony was self-contradictory on the very fact in issue, especially after the trial judge refused the motion for a new trial on that ground.

The plaintiff was not required to show the negative, that Royall did not know of the defect in the car at the time he attempted to make the coupling.   It was matter of defense, not developed by plaintiff's case in evidence.   The negligence of defendant in using the defective car was sufficiently shown to entitle plaintiff to a recovery, and if deceased was chargeable with knowledge of the defect in the car, it devolved upon the defense to prove it, as in cases of contributory negligence.   Railway v. Johnson, 89 Texas, 519; Railway v. Myers, 55 Texas, 116; Railway v. Silliphant, 70 Texas, 629; 49 Texas, 181; 59 Texas, 286; Railway v. Crenshaw, 71 Texas, 346, 347; Denham v. Lumber Co., 73 Texas, 83.

The assignment of error that the verdict is excessive can not be sustained.   The testimony warranted a verdict for a greater amount than was awarded by the jury.

We find no reversible error in the case, and the judgment of the lower court is affirmed.

*Affirmed.*

Writ of error refused.