STRIEGEL V. HARDING.

1. The complaint and subsequent proceedings in suit to foreclose a mortgage, which described the premises as "lot 22, in block 5, according to the map of the city of D., compiled by R., said premises being known as the 'H. & H. lot,' situated on M. street," having described the premises as "lot 21, in block 5, according to the map of the city of D., prepared by S., the same being designated as lot 21, in block 17, on the map of the city of D..prepared by R., being on M. street, and known as the H. & H. lot,'" and there having been no lot 21 in block 5 of the S. map, or in block 17 of the R. map, so that no one could have been misled by the mistake, the description as "lot 21" will be treated as surplussage, and title acquired under the foreclosure proceedings will be quieted against a defendant in such proceedings who appeared and answered therein.

2. The allegations of a complaint cannot be shown to be untrue on appeal from order sustaining demurrer thereto.

(Opinion filed January 10, 1900.)

Appeal from circuit court, Lawrence county. HON. JOSEPH B. MOORE, Judge.

Action by John Striegel against John A. Harding to quiet title to certain real property. From an order sustaining a demurrer to the complaint, plaintiff appeals. Reversed.

The facts are stated in the opinion.

*Granville G. Bennett* and *McLaughlin & McLaughlin*, for appellent.

The complaint was sufficient. Ely v. Railroad, 129 U. S. 688; Parleys Park v. S. M. Co. 130 U. S. 906; Clark v. Darlington, 63 N. W. 771; Grace v. Ballon, 56 N. W. 1075; 15 Am. & Eng. Enc. of Law 626, where an uncertainty as to the identity of land conveyed can be explained by extrinsic evidence the conveyance is not void for want of description. McWhirter v. Allen, 20 S. W. 1007. A sale of land under decree passes the title notwithstanding a misdescription in the judgment and commissioners deed, the land intended to be sold being manifest. Hildebrand v. Bauncher 40 S. W. 920; Sulphur Mines Co. v. Thompson, 25 S. E. 232; Notared v. Bank, 129 Mo. 57; 12 Ency. P. & P. 31, 32; Cooley v. Wilson, 42 Ia. 425; Helmer v. Rehm 14 Neb. 219; Hammond v. Johnson, 93 Mo. 198; Bates v. Bank, 15 Mo. 309; Worsting v. Danforth 68 N. W. 749.

*Charles E. Davis,* for respondent.

The complaint was insufficient. The issues raised therein were not calculated to divest respondent of his property by foreclosure or to reform the mortgage, and it is only when appellant has established that the foreclosure proceedings were regular and complied fully with the statute that he can claim that respondent has been foreclosed of his equity of redemptions. Mowery v. Sanborn, 68 N. Y. 153.

The misdescription of the property in the decree execution notice of sale sheriffs certificate and deed rendered the sale

absolutely void and equity can give no relief. Rover on Jud. Sales § 97; Reynolds v. Wilson, 15 Ill. 394; Freeman on Valid Jud. Sales § 18; Merwin v. Smith, 2 N. J. Eq. 182; Frazier v. Steinrod, 7 Ia. 339; Wade on Notice § 1088; 2 Pingrey Mort. § 1910, 1907; 2 Jones Mort. § 1839; Wilkinson v. Greene, 1 G. Green 139; Frazier v. Stimrod, 7 Ia. 339; Miller v. Kalb 47 Ind. 220; Helmer v. Rehm, 14 Neb. 219.

CORSON, J. This is an action by the plaintiff to quiet his title to a certain lot situated in the city of Deadwood. The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and, the demurrer being sustained, plaintiff has appealed to this court.

The facts contained in the complaint may be briefly stated as follows: On the 24th day of July, 1893, the defendant and one Joseph King executed to one Charles Pfunder a promissory note, and also a real-estate mortgage in which the property mortgaged is described as follows: "Lot No twenty-two (22.) in block No. five (5,) according to the official map of the city of Deadwood compiled by Peter L. Rodgers, the said premises being known as the 'Hildebrand and Harding lot,' situated on the westerly side of Lower Main street, in the city of Deadwood, Lawrence county, South Dakota." It was further alleged: That an action was commenced in August, 1895, for the foreclosure of said mortgage, in which action said Pfunder was plaintiff and the said Harding and King were defendants. That subsequently, by order of the court, one Spencer V. Noble was substituted as plaintiff, and such proceedings were had therein that in April, 1897, judgment and decree were duly entered in said action for the foreclosure of said mortgage.

Pursuant to said decree and special execution issued thereunder the real estate and premises described in said mortgage were duly sold by the sheriff of said county for the amount due plaintiff in said action, with costs and expenses of said sale.   The certificate of sale was duly assigned to the plaintiff herein, and on the 23d day of January, 1898, a deed was duly executed by the sheriff of Lawrence county to the plaintiff. That said Harding and King served answers to the supplemental complaint filed in said foreclosure suit by said Spencer V. Noble.  ''In the pleadings and proceedings in said action, to-wit, in the complaint, decree, notice of sale, sheriff's certificate of sale, and sheriff's deed, the mortgaged premises were described as follows, to-wit: 'Lot No. twenty-one (21,) in block No. five (5,) according to the map of said city of Deadwood prepared by W. S. Smith, and same being designated as ''lot No. twenty-one (21,) in block No. seventeen (17,)'' on official map of the city of Deadwood prepared by Peter L. Rodgers; said premises being known as the ''Hildebrand and Harding lot,'' situated on Lower Main street, in said city of Deadwood, Lawrence county, State of South Dakota.'   That by inadvertence a mistake was made in the description of said mortgaged premises, in this, to-wit:  Said lot is described as lot No. twenty-one (21,) when it is in truth and in fact lot No. twenty-two (22,) according to said maps and plats of said city. That in block No. five, Smith's map, the same being block No. seventeen, Rodgers' map, there is no lot No. twenty-one. That on Lower Main street there is no other block No. five on Smith's map, nor No. seventeen on Rodgers' map.   That the description in said instruments, to-wit, 'Hildebrand and Harding lot,' is a description by which said mortgaged premises is

generally and well known, and especially to said defendant, John A. Harding, he being the same person whose name is used in connection with that of Hildebrand, and who was for many years owner of said lot, and who, in the mortgage executed by him to said Pfunder, described it as the 'Hildebrand and Harding lot.'" It is further alleged that said Harding was not, and could not have been, misled, or in any manner prejudiced, by the mistake made in the number of said lot in said papers, pleadings, and proceedings in said foreclosure suit; that plaintiff is now the owner and in possession of said mortgaged premises under and by virtue of said foreclosure proceedings, decree, and sheriff's sale thereunder, and that the description therein is amply sufficient to identify said premises, but that said error in the description casts a cloud upon his title; that said defendant claims some right to or interest in said premises adverse to this plaintiff, but that said claim is wholly unfounded. "Wherefore plaintiff prays that by the judgment and decree of this court said defendant be adjudged to have no right, title, interest, or estate, either legal or equitable, in and to said premises, and that plaintiff's title thereto be quieted, and that defendant be enjoined from everasserting any right, title, or claim therein or thereto, together with his costs in this behalf expended; and for such other and further relief as to the court may seem equitable and just."

It will be noticed that the description of the lot contained in the mortgage is "lot twenty-two (22), in block five (5), according to the official map of the city of Deadwood, compiled by Peter L. Rodgers." It will be further observed that in the proceedings on foreclosure, including complaint, decree, certificate of sale, and deed, the property is described as "lot No.

(21), in block five (5), according to the map of said city of Deadwood, prepared by W. S. Smith, and same being designated as 'lot twenty one (21), in block 17),' on the official map of the city of Deadwood, prepared by Peter L. Rodgers." It will be also observed that it is alleged in the complaint that in block No. 5, Smith's map, the same being block No. 17, Rodgers' map, there is no lot 21; that on Lower Main street there is no other block No. 5 on Smith's map nor block No. 17 on Rodgers' map; that the description in said instruments, to wit, "Hildebrand and Harding lot," is a description by which said mortgaged premises are generally and well known; and that said John A. Harding was for many years the owner of said lot, and the person who executed the mortgage to said Pfunder, and described it as the "Hildebrand and Harding lot." Assuming, as we must, that the allegations of the complaint are true for the purposes of this demurrer, it is quite clear that said Harding could not have been misled by the mistake made in the proceedings to foreclose the mortgage, and, having been a party to that proceeding, and having appeared and answered therein, he is estopped from claiming any title to the property by reason of the mistake made in the description in said foreclosure proceedings. The property having been sold under the foreclosure proceedings, and the deed executed to the purchasers upon such sale, and no redemption made by the said Harding from such sale within the time prescribed by law, this claim to the property, made subsequent to such sale and expiration of the time of redemption, is clearly without right, and defendant should be restrained, as prayed in the complaint.

It is contended on the part of respondent that the only remedy that plaintiff has in this case is to have the sale and deed there-

under set aside, the decree amended, and a resale of the property under the decree as amended; but it will be noticed that by the complaint in this action the mistake alluded to in the description had its origin in the complaint in said foreclosure action, and not in the decree, as contended by counsel for respondent. It is true, counsel for respondent has filed an amended abstract, in which he gives the description of the property as found in the amended and supplemented complaint in the foreclosure action, and from this amended abstract it would seem that the premises were described in the amended complaint substantially as described in the mortgage. But this amended abstract cannot be considered on this appeal, as this court can only consider the complaint in the present action to which the demurrer has been interposed. Under the complaint, therefore, in this action, the remedy suggested by re spondent's counsel would not be available to the plaintiff.

The real question presented is, is there sufficient in the description given in the complaint and subsequent proceedings to identify the property, notwithstanding the alleged mistake in the number of the lot? It will be noticed that the property is described in the complaint and subsequent proceedings as "in block five (5), Smith's map, the same being block No. seventeen (17), Rodgers' map, * * * on Lower Main street, in the city of Deadwood," and as being known as the 'Hildebrand and Harding Lot." There being no lot 21 in block 5 of Smith's map, and no lot 21 in block 17 of Rodgers' map, the description, so far as the number of the lot is given, must be disregarded. We then have left the description of a lot ''in block No. five, (5) (Smith's map, the same being block No. seventeen (17), Rodgers' map. * * * on Lower Main street,"

generally known as the "Hildebrand and Harding lot." This lot is in fact lot No. 22 in block 5, Smith's map, block 17, Rodgers' map. As we have before stated, therefore Harding could not have possibly been misled by this mistake in the description, and hence his claim to the same since the foreclosure proceedings must necessarily be without right, and the plaintiff is clearly entitled to the relief demanded in the complaint. Possibly, if there had been such a lot as No. 21 in either block 5, Smith's map, or block 17, Rodgers' map, which had at any time been known as the "Hildebrand and Harding lot," it might be claimed that the defendant, Harding, or other parties might have been misled by the mistake in the description. But, it being affirmatively stated that there was no such lot as 21 in either block 5 or block 17, neither the defendant, Harding, nor any other person could have been misled by the mistake in the number of the lot. We are of the opinion, therefore, that under the allegations in the complaint it would be the duty of the court to treat the description "lot No. twenty-one (21)" as surplusage, and disregard it entirely, and to hold that the other descriptions in the complaint and other proceedings were sufficient to identify the property as being the same described in the mortgage. McWhirter v. Allen, (Tex. Civ. App.) 20 S. W. 1007; Bray v. Adams (Mo. Sup.) 21 S. W. 853. These conclusions necessarily lead to a reversal of the order of the circuit court, and the same is reversed.