## T. B. STUBBS v. THE STATE.

1. An appeal to the Supreme Court is not allowed from a judgment rendered in a prosecution for a misdemeanor, taken to the District Court by appeal from a justice's court.
2. The creation of the Criminal Court for Galveston and Harris counties, of original and exclusive jurisdiction in all cases of felonies and misdemeanors, deprived the District Courts of said counties of all criminal jurisdiction.
3. An appeal in a criminal case from the District Court of Galveston county to the Supreme Court will be dismissed in the Supreme Court for want of jurisdiction in the court below.

APPEAL from Galveston.   Tried below before the Hon. A. P. McCormick.

*B. C. Franklin* and *L. E. Trezevant*, for appellant.— T. B. Stubbs having been convicted of a misdemeanor before a justice of the peace of Galveston county, appealed to the District Court of that county.

Upon motion of the district attorney, the appeal was dismissed, on the ground that the District Court had no appellate jurisdiction in such a case.

The question is, has the District Court of Galveston county jurisdiction to hear appeals from justices' courts in cases of misdemeanor.

An affirmative answer to this is to be found in Section 7, Article 5, of the Constitution, which confers on the District Court appellate jurisdiction in cases originating in justices' courts.

Appeals from justices' courts in cases of misdemeanor are directed to be taken to the District Court by the act to organize justices' courts, approved August 13, 1870. (General Laws Twelfth Legislature, called session, p. 106, Sec. 25.)

The mode of appeal is there provided.   (Sec. 26.)

In Laturner v. The State, 9 Texas, 457, the court say : "The right of appeal is guaranteed by the Constitution. It is true, that the grant is with such exceptions and under such regulations as the Legislature shall make. Whatever may be the interpretation of these words when they qualify other grants of authority, it is not admitted (by the court) that as used here they can be so construed as to make the right of appeal dependent wholly upon the action of the Legislature." (See Sec. 7, Art. 5, Constitution of 187 ).)

It is submitted, that no exception could be made by the Legislature to extend so far as wholly to defeat the right.

But the Legislature has not attempted, by any exception, to take away the appellate jurisdiction of the District Court.

The act of May 11, 1846, to organize the District Courts and to define their powers and jurisdiction, remains unchanged the law to-day.

It signifies nothing that the Legislature has not since organized District Courts under the present Constitution.

The right of appeal exists, nevertheless, by the terms of the Constitution.

In Rex v. Morely, 2 Burrows, 1040, the court say : " The jurisdiction of this court is not taken away unless there be express words to take it away; this is a point settled."

In Murfree v. Leeper, 1 Overton, Tenn., 1, the court say : "The power of · this court to issue writs of *certiorari* could not be taken away without express negative words."

In Burgenhofen v. Martin, 3 Yeats, 479, the court say : " The jurisdiction of superior courts is only abridged by the express negative words of a statute."

To same effect : Overseers v. Smith, 2 Serg. & Rawle, 363; Commonwealth v. McClosky, 2 Rawle, 369; Commonwealth v. White, 8 Pick., 453.

The Legislature has done no more than to give to the Criminal District Court of Galveston and Harris counties appellate jurisdiction concurrent with the District Court. (General Laws Twelfth Legislature, called session, Chap. 26, p. 37; General Laws Twelfth Legislature, first session, Chap. 97, p. 94.)

It was held, in Burns' v. Henderson, 20 Illinois, 264, that the Constitution of that State conferring upon the circuit courts appellate jurisdiction in all cases of appeal from inferior courts, the Legislature could not take away this jurisdiction, but might give other courts concurrent jurisdiction in that regard.

But, unfortunately, in this State, the Criminal District Court of Galveston and Harris counties is not a court to which appellate jurisdiction may be given; because—

1. The Criminal District Court of Galveston and Harris counties is an illegal tribunal.

The act creating that court is in violation of and in conflict with the second clause of Section 1, Article 5, of the Constitution.

The court there intended is a separate and distinct criminal court in each one of the principal cities, with criminal jurisdiction co-extensive with the limits of the county in which such city may be located, and with such criminal jurisdiction, compatible with the criminal jurisdiction of the District Courts as conferred by Section 7, Article 5, of the Constitution, as may be prescribed by law.

This view is strengthened by the fact that no other court is provided by the present Constitution for cities and towns, or recognized as a part of the judicial department of the State, as was done by the constitutions of 1846 and 1866.

There are no recorders' or municipal courts of cities and towns provided for by the present Constitution, other

than the criminal courts in the principal cities. The Criminal District Court of Galveston and Harris counties is no such court.

The act creating the Criminal District Court gives to that court exclusive jurisdiction of all felonies and misdemeanors for the counties of Galveston and Harris.

This jurisdiction is clearly in conflict with the jurisdiction given to District Courts by Section 7, Article 5, of the Constitution, which confers on District Courts jurisdiction in all criminal cases.

If this jurisdiction is to be sustained, then Section 7, Article 5, is a dead letter so far as it confers criminal jurisdiction in all criminal cases.

This exclusive jurisdiction of the Criminal District Court is in conflict with Section 17 of Article 5 of the Constitution, which confers on justices of the peace jurisdiction over all offenses of a less grade than felony.

The conclusion, then, must be, that not only is the constitutional appellate jurisdiction of the District Court not taken away, but that there is no other court in existence to which the appeal in this case could have been properly taken; and that unless the judgment of the District Court is reversed, the appellant is denied his constitutional right of appeal, and this right becomes but an empty name.

If we are not correct in this construction, then—

2. The Criminal District Court of Galveston and Harris counties is an inferior court, in the sense of Section 1, Article 5, of the Constitution; and the Legislature, having invested it with a jurisdiction coequal and co-extensive with the District Court, has transcended its constitutional limits, and created a court with powers not warranted or recognized by the Constitution.

The judicial power of this State shall be vested in one Supreme Court, in District Courts, and in such inferior

courts and magistrates as may be created by this Constitution or by the Legislature under its authority. (Sec. 1, Art. 5, Constitution.)

Every positive direction in the Constitution contains an implication against anything contrary to it, or which would frustrate or disappoint the purpose of that provision. The frame of the government, the grant of legislative power itself, the organization of the executive authority, the erection of the principal courts of justice, create implied limitations upon the law-making authority as strong as though a negative was expressed in each instance. (The People v. Draper, 15 N. Y., 543.)

Here, then, are two classes of courts: the Supreme Court and District Courts—or superior courts, if you please—compose one class; inferior courts and magistrates compose the other class.

Does not this section in the clearest manner negative the idea that the framers of the Constitution intended to grant to the Legislature the power to establish inferior courts in the principal cities which should exercise a jurisdiction coequal with the District Courts of the State?

Can the Legislature add to the number of courts enumerated yet another, not enumerated, as of the class that are not inferior? (See a parallel case in the State Ex. Rec., Rogers v. The Judge of the County Court of La Crosse, 11 Wis., 50.)

Did the framers of the Constitution intend, when defining the judicial power of the State, that there might be in some judicial districts of the State a rival District Court, with criminal jurisdiction coequal with and exclusive of the District Court, that would swallow up the constitutional criminal jurisdiction of the District Court—having a rival judge with power to alternate with the district judge in all criminal matters? (See Sec. 2 of the Article further defining the powers and jurisdiction of

the Criminal District Court of Galveston and Harris counties, Gen. Laws Twelfth Legislature, 1 Session, 94.)

Can the power given to the district judge, under Section 9, Bill of Rights, be exercised by the judge of the Criminal District Court of Galveston and Harris counties?

Is a man under sentence of death by this Criminal District Court deprived of his life by due course of the law of the land?

Is the District Court for Galveston county, in the Eighteenth Judicial District, and the District Court for Harris county, in the Nineteenth Judicial District, to be shorn of their rightful constitutional appellate jurisdiction, without constitutional authority and by implication, and circumscribed within limits not applied to other districts?

Does the Constitution warrant the erection of one district within another?

The only answer that can be made to this is, that the Criminal District Court of Galveston and Harris counties is not the criminal court contemplated by the Constitution, and is one to which the appeal in this case could not have been properly taken.

The conclusion is inevitable, that the District Court of Galveston county has appellate jurisdiction of this cause, that the judgment of that court dismissing this case should be reversed and remanded.

*Wm. Alexander*, *Attorney-General*, for the State.

WALKER, J.—The question involved in this case as to the right of a party who has appealed his case to the District Court from a justice's docket to take a second appeal to this court, has been frequently decided, under the 12th Section of the justices act of August 13, 1870.

The Constitution undoubtedly makes this an appellate Court, but it is also provided that the District Court is an

appellate court, and a party. who appeals from a justice·
to a District Court has once, at least, exercised his right·
of appeal. The Constitution does not provide for more·
than one appeal; and now will it be contended that a·
party should have the right to ignore the District Court,
and appeal directly from the justice to this court; or·
shall he rather go to the District Court and there enjoy
his right of appeal and have his case reviewed ?

We do not think it was the intention of the framers of·
the Constitution that the time of this court should be·
taken up with petty appeals from justices' dockets, in·
civil cases. In criminal cases the Constitution itself puts
a limit upon the right of appeal to this court, and cuts off
the appeal, except where error is found by one of the
judges.

Certainly, if the convention felt authorized to lay a
strong hand upon this right in criminal cases where life
and liberty are involved, it is to be expected, knowing the
amount of business which would necessarily come before·
this court of so much graver import, that a restriction·
would be put upon appeals in civil cases, where but a·
small sum of money is usually involved.

This case is upon an information filed against Stubbs·
for not paying the occupation tax of a merchant. The case·
was appealed to the Criminal District Court of Galveston
county, as is alleged, by mistake, it being the intention·
of the appellant to take his appeal to the District Court.

The appeal was certified by the Criminal Court to the·
District Court, and, on motion of the district attorney in
that court, was dismissed, and we think properly. This
was a criminal case, and the criminal court alone has
cognizance of appeals in criminal cases, in the county of
Galveston. The motion to dismiss the appeal to this court
is sustained, and the appeal dismissed.

APPEAL DISMISSED.

*B. C. Franklin*, for rehearing.

OGDEN, P. J., *on rehearing.*—This case is now before us on a rehearing, it having been dismissed for the want of jurisdiction in this court.   It appears that this case originated in a justice's court for Galveston county, on a criminal information, and was appealed to the District Court for that county, and the appeal was, upon motion, dismissed, upon the supposition that the District Court of Galveston county had no jurisdiction of criminal cases.

The second clause of Section 1, Article 5, of the Constitution provides that "The Legislature may establish criminal courts in the principal cities within the State, with such criminal jurisdiction, coextensive with the limits of the county wherein such city may be situated, and under such regulations as may be prescribed by law."

This clause confers upon the Legislature unlimited power to prescribe by law the character and extent of the jurisdiction of the criminal court, while Section 1 of the act of 1870, creating the criminal court for the counties of Galveston and Harris, passed by authority of the Constitution, declares, "That there is hereby created a court of original and exclusive criminal jurisdiction in all cases of felony and misdemeanor for said counties of Galveston and Harris."   We are of the opinion that this act was intended to and did relieve the District Courts of those counties of all jurisdiction of criminal cases, and that the Constitution fully authorized the act.   It follows that the District Court of Galveston county has no jurisdiction in criminal cases, and that the court did not err in dismissing the case from the docket.

There are other interesting questions presented in the brief of counsel for appellant worthy of grave consideration, one of which is in relation to the constitutionality of the law providing that appeals from a justice's to the

District Court shall be final, without an appeal to the Supreme Court. But this case we think was rightly dismissed from the District Court for want of jurisdiction, and the appeal can confer no jurisdiction upon this court to determine the questions presented.

The action of the District Court is affirmed.

AFFIRMED.