Angeline Sanders et al. v. J. I. Kirbie et al.

No. 1016. Decided June 17, 1901.

**1. Evidence—Suit Against Executor—Statement of Testator—Parties.**

In a suit by an heir against executor and devisees to set aside a will, the latter, who have refused to join plaintiff in the suit, may testify, when called on by him, to declarations by the testator tending to show undue influence, though they stated that, while interposing a general denial, they really desired that the will be set aside. (Pp. 565, 566.)

**2. Same—Collusive Parties.**

The rule here announced is limited to cases of witnesses not appearing to be collusively made adverse parties. (P. 566.)

Question certified from the Court of Civil Appeals for the Second District, in an appeal from Parker County.

*D. M. Alexander* and *J. A. Fain, Jr.*, for appellants.—Article 2302, Revised Statutes, did not apply to the testimony excluded, because the plaintiff called the defendants as witnesses and they were opposite parties under the statute. Rev. Stats., art. 2302 (old article 2248); Mitchell v. Mitchell, 80 Texas, 111; Campbell v. Barrera, 32 S. W. Rep., 725; Shailer v. Bumstead, 99 Mass., 126; 7 Am. and Eng. Enc. of Law, 73.

Legatees and devisees are not embraced within the terms of article 2302, Revised Statutes. Mitchell v. Mitchell, 80 Texas, 101; Newton v. Newton, 77 Texas, 508.

*Martin & Martin*, for appellees.—The court did not err in excluding the testimony of Will and Gabe Kirbie as to the declarations of D. V. Kirbie, deceased, because this is a suit by the heirs of D. V. Kirbie, deceased, in their capacity as such, and the said Will and Gabe Kirbie are not opposite parties within the meaning of article 2302 of the Revised Statutes; and it is not a suit by or against legatees and devisees in their capacity as such. Brown v. Mitchell, 75 Texas, 15; Wooters v. Hale, 83 Texas, 563; Simpson v. Brotherton, 62 Texas, 170; Hodde v. Susan, 58 Texas, 389; Rev. Stats., art. 2302.

WILLIAMS, Associate Justice.—The following question is certified by the Court of Civil Appeals for the Second District:

"This suit was brought by Angeline Sanders, joined by her husband, against W. M. Parsons, executor of the will of D. V. Kirbie, and her eight brothers and sisters, children of the testator, who were devisees under the will, and among them J. I. Kirbie, S. G. Kirbie, and William Kirbie. By the will, the testator devised to J. I. Kirbie a farm, the late homestead of the testator, worth about $4000, but he was to pay to the executor, for the benefit of the other children except plaintiff, $100, to secure which a lien was created on the farm, and the balance of his entire estate, worth about $6000, was divided

among the rest of the children, except his daughter the plaintiff, to whom he bequeathed only the sum of $5.

"The grounds upon which she seeks to set aside the will, which had already been probated, is that her brother, J. I. Kirbie, to whom the farm was devised, induced her father, who was old and easily influenced and with whom he was living at the time, by undue influence, to make the will in his own favor and to give her only five dollars.

"On the trial of the cause, her brothers, William and S. G. Kirbie, who had refused to join plaintiff in this suit and who consequently were made defendants, testified that they had caused attorneys to file answers of general denial for them, but that they really desired that the will should be set aside and their sister allowed to share in the estate equally with the other heirs, one testifying that he thought he would receive a little less, while the other did not know whether he would receive more or less, if the will should be vacated and annulled, than what he would receive under the will. They were also aiding their sister on the trial by prompting her attorneys and otherwise. They also testified that a short time before the will was made, in the year 1894, J. I. Kirbie tried to get them to go to their father and persuade him to make his will and only give Angeline $5, but they refused to do so. There is evidence tending to prove that J. I. Kirbie had entertained bad feelings towards Angeline before the will was made. She had married and was living in Van Zandt County at the time the will was made, and was not informed of the making of the will nor of her father's death until several months after his death and burial in Parker County, where the homestead was and the rest of the family resided.

"Plaintiff offered to prove by William Kirbie that a few weeks after the execution of the will his father stated to him that he wished he had never made a will; that they had ding-donged at him until they got him to make it, and that if he had it now he would lay it on the fire; that he tried to persuade witness to go and get the will so he could destroy it, which witness declined to do without a written order signed in the presence of witnesses. His father asked witness not to let J. I. Kirbie and his wife know about it, stating that he did not know what they would do to him if they found out he wanted to destroy it.

"By S. G. Kirbie she offered to prove that a few months before the will was made his father stated to him that plaintiff, Angie Sanders, had stayed with him a long time after all the others had left, and that he expected to give her a larger share of his property than any of the other children; that he thought she was entitled to more than any of the rest of the children.

"To the introduction of this evidence the defendant J. I. Kirbie objected, for the reason that the statements were the declarations of the deceased, and that the witnesses were not opposite parties to the plaintiff within the meaning of the statute, which objection was sustained by the court and the evidence was excluded.

"We therefore certify to your honorable court the legal question whether, in the case under the circumstances related above, the defendants William and S. G. Kirbie would be opposite parties to the plaintiff and competent witnesses to state the facts which she offered to prove by them.

"The question becomes material for the reason that, if their proffered evidence is competent, it, with the other facts contained in the record, would require the trial court to submit to the jury the issue whether the will was made by reason of the undue influence of J. I. Kirbie, the court, on the trial below, after excluding this testimony, having instructed a verdict for the defendants."

The question assumes that article 2302, Revised Statutes, under which it arises, applies in cases like this, and this seems to be warranted by decisions of this court in which the provision has been so applied. Brown v. Mitchell, 75 Texas, 15; Lewis v. Aylott, 45 Texas, 202. Upon this assumption, we are of the opinion that the witnesses were opposite parties to the plaintiff. They were beneficiaries under the will, and were therefore necessary parties to the proceeding to invalidate it. They refused to attack it, and were therefore necessary defendants. Their attitude in the issue formed, independently of that of J. I. Kirbie, made it necessary for the appellant to establish the facts upon which she relied to set aside the will. Whatever may have been their feelings, their relation to this issue was that of parties opposed to appellant. We do not speak of cases of collusion in which a party really a plaintiff in interest is made a defendant, or vice versa, in order to evade the statute.