JOHN P. McDONALD ET. AL. v. JOSEPH NALLE.

Decided January 31, 1906.

**1.—Note—Alteration—Charge.**

Upon the defense that a note sued for had been altered, a charge to find for defendants if such alteration was made without their consent, and by the authorized agent of plaintiff with his knowledge and consent, though two independent defenses were embraced in the hypothesis, was not affirmative error; but it was error to also refuse a requested instruction submitting either defense as entitling defendants to verdict.

**2.—Alteration of Note—Presumption.**

Where alteration of a note, in favor of the payee, was made while it was in his possession, the facts were sufficient to require the question whether such alteration was made by him to be submitted to the jury, though he testified that it was made by his bookkeeper and without his authority.

Appeal from the County Court of Travis County. Tried below before Hon. John W. Hornsby.

*Ed. H. Yeiser,* for appellants.—Where appellants pleaded and offered evidence to prove that the alteration of the note in suit was made by the appellee's agent with the appellee's knowledge and consent, it was the duty of the trial court to submit this issue to the jury independently. Change of date a material alteration: Wood v. Steel, 6 Wall., 80. Material change renders note void: Otto v. Halff & Bro., 89 Texas, 391; Davis v. Crawford, 53 S. W. Rep., 386. Law presumes change to be made by holder: Bowser v. Cole, 74 Texas, 224. Alteration by agent renders note void: Bowser v. Cole, 74 Texas, 224.

When a written instrument has been altered while in the custody of its owner the presumption is that it was done by the owner, and the burden is on him to account for the alteration. Presumption as to alteration: Bowser v. Cole, 74 Texas, 224.

The jury is not bound by the uncontroverted testimony of an interested party, and may disregard it, and failure to submit the issue so raised is error. Heierman v. Robinson, 2 Texas Ct. Rep., 1067; Sonnentheil v. Brewing Co., 172 U. S. 401; International & G. N. R. R. Co. v. Johnson, 23 Texas Civ. App., 184. The duty of court as to requested charge: Gulf, C. & S. F. Ry. Co. v. Cusenberry, 86 Texas, 532; Williams v. Emberson, 22 Texas Civ. App., 528; Needham v. Bythewood, 61 S. W. Rep., 426.

*W. B. Holliday* and *R. L. Batts,* for appellee.—Paragraph seven of the court's charge does not impose a more onerous duty upon the defendants than the law requires, and the error therein, if any, is such that the defendants can not be heard to complain. Loving v. Dixon, 56 Texas, 79; East Texas Fire Ins. Co. v. Brown, 82 Texas, 636; Markham v. Carothers, 47 Texas, 28; Houston & T. C. Ry. Co. v. Terry, 42 Texas, 455; Galveston, H. & S. A. Ry. Co. v. Adams, 94 Texas, 100.

The court did not err in failing to submit to the jury the question whether or not the change in the date of the note was made by the plaintiff, Joseph Nalle. Testimony of a party to suit, unimpeached and uncontradicted, will sustain verdict, and it can not be arbitrarily

disregarded.  McAfee v. Robertson, 41 Texas, 357; Dotson v. Moss, 58 Texas, 155; Louder v. Schluter, 78 Texas, 103; Worthington v. Wade, 82 Texas, 26.

KEY, ASSOCIATE JUSTICE.—This is a suit on a promissory note, and, upon trial, resulted in a verdict and judgment for the plaintiff, and two of the defendants have appealed.  The defendants interposed a plea averring that the note had been materially altered after its execution, and without their consent.

The seventh paragraph of the court's charge reads as follows:

"But°if you believe from the evidence that the change in the date of the note sued on herein was made with the knowledge or consent of the plaintiff, by his agent, and that his agent, in making such change, was acting within the scope of his authority, and without the knowledge or consent of the defendants, then you will find a verdict for all the defendants."

This charge is assigned as error, upon the contention that it required the jury to find all the facts necessary to establish two defenses relied on by the defendants before they could find a verdict for them; whereas, the establishment of either would entitle them to a verdict. In three instances, and one of comparatively recent date, our Supreme Court has held that a charge so framed is not subject to the criticism urged in this case.  (Texas & Pac. Ry. Co. v. Brown, 78 Texas, 402; Sabine & E. T. Ry. Co. v. Wood, 69 Texas, 679; Gulf, C. & S. F. Ry. Co. v. Hill, 95 Texas, 629.)  Hence, we overrule the first assignment of error.

But, while there was no positive error in the paragraph of the charge referred to, which told the jury that, if defendants had proved facts constituting more than one defense, they were entitled to a verdict, the defendants had the right, if they requested it, to have the jury instructed in the disjunctive form, to the effect that, if the evidence established facts constituting either defense relied upon, the jury should find for the defendants.  Such an instruction was requested by special charge number 2, the refusal of which is made the subject of appellant's second assignment of error, which assignment we hold to be well taken.

Although appellee testified that the alteration in the note was made by his bookkeeper, and without his authority, and no witness testified to the contrary, yet, as the alteration was in his favor, and made while the note was in his possession, and as he was an interested party, the court should have submitted to the jury the issue as to whether or not the alteration was made by him.  (Bowser v. Cole, 74 Texas, 224; Heierman v. Robinson, 2 Texas Ct. Rep., 1067; International & G. N. Ry. v. Johnson, 23 Texas Civ. App., 184; Sonnentheil v. Brewing Co., 172 U. S., 401.)

The question presented in reference to the right to recover ten percent as attorney's fees is not likely to arise again, and we deem it unnecessary to make any ruling upon that question.

For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*