## EDELBROCK v. FARMER et al.

### No. 906.

Court of Civil Appeals of Texas. Eastland.

Oct. 30, 1931.

Rehearing Denied Nov. 20, 1931.

Robert L. Thompson, of Stephenville, for appellant.

Chandler & Keith, of Stephenville, for appellees.

FUNDERBURK, J.

On October 12, 1925, J. A. Edelbrock and wife, by deed, conveyed to R. R. Farmer 200 acres of land in Erath county for a recited consideration of $5,000, evidenced by two notes. One note for $860 was payable to said grantor, J. A. Edelbrock, and the other note for $4,140 was payable to J. W. Farmer. The deed recited a vendor's lien to secure payment of the notes, with no provision that the lien as to one note should have any

preference over the lien as securing the other. The deed was duly acknowledged and filed for record October 13, 1925. The same deed, except as to an added interlineation, was again filed and recorded on January 14, 1928. The interlineation was as follows: "Said $860.00 note being a first lien and the $4140.00 note a second lien." The deed as subsequently recorded contained no new certificate of acknowledgment. The $860 note, the due date of which was three years after date of the note, was on July 10, 1928, assigned by J. A. Edelbrock and wife to Frank E. Edelbrock. The assignment filed July 11, 1928, made no mention of any agreement for a preference. J. W. Farmer, payee in the $4,140 note, died in January, 1928, without having transferred the note.

This suit was brought by the heirs and administrator of the estate of J. W. Farmer, deceased, against R. R. Farmer and wife, to recover upon the $4,140 note, and for a foreclosure of the vendor's lien. Frank E. Edelbrock, the owner of the $860 note, intervened, seeking recovery upon said note, and a foreclosure of the vendor's lien, and further seeking to have his lien adjudged to be superior to that of the plaintiffs. Upon a nonjury trial the court gave plaintiffs judgment upon the $4,140 note and the intervener judgment upon the $860 note, foreclosed the lien in favor of both notes, denying all claims of preferences.

■ The intervener, Frank Edelbrock, has appealed. Of the errors assigned and relied upon for a reversal of the judgment below, we deem it necessary to discuss but two. Appellant offered to prove by the defendant R. R. Farmer that the latter was present and heard a conversation between J. A. Edelbrock and J. W. Farmer when it was discovered that the deed from J. A. Edelbrock to the witness had, by mistake, omitted to provide, according to previous agreement, that the lien securing the $860 note should be superior to the lien securing the $4,140 note, and that he was present when said parties instructed J. W. Stitt to make, and when he did make, said interlineation in the deed. This testimony was excluded upon the objection of the plaintiffs on the ground that it was inadmissible under the provisions of R. S. 1925, art. 3716. The action of the court in excluding it is assigned as error. We have reached the conclusion that the testimony was admissible. We are unable to see that R. R. Farmer, although the maker and person liable upon both the notes, had any possible interest in the issue as to the priority of liens. It seems to us that his status as to that issue was just as much a party without interest as one who, before suit or pendente lite, transfers his interest in the subject-matter of the suit, without warranty or other possibility of a contingent liability to make good the transfer. In Oury v. Saunders, 77 Tex. 278, 13 S. W. 1030, it was held by our Supreme Court that: "One having no interest in common with parties calling him as a witness, and who though nominally a party to the suit has no interest in the result, is competent to testify as to statements and admissions against his interest at the time they were made by a deceased person in possession of property in litigation against those holding under him as heirs, legatees, etc." In Gurley v. Hanrick's Heirs (Tex. Civ. App.) 139 S. W. 721, a party who pendente lite had parted with his interest in the subject-matter of the suit, was held competent to testify. In Albritton v. Commerce Farm Credit Co. (Tex. Civ. App.) 9 S.W.(2d) 193, affirmed in (Tex. Com. App.) 17 S.W.(2d) 784, a disclaimer of interest by a party was held to qualify him as such witness. In Cox v. McClave (Tex. Civ. App.) 22 S.W.(2d) 961, 963, a party was held qualified to testify where "in no event could he have any interest in common with defendant in error, who elicited his testimony." In Sloan v. Sloan (Tex. Civ. App.) 32 S.W.(2d) 513, a party was held qualified to testify where it appeared that he had no interest in common with the party calling him as a witness.

But should we be mistaken in concluding that the witness was qualified to testify on the ground of his want of interest in the issue upon which his testimony was sought to be introduced, then we think the testimony was admissible under the principle recognized by the Supreme Court in Sanders v. Kirbie, 94 Tex. 564, 63 S. W. 626. In that case two heirs in sympathy with the claims of plaintiff, another heir, and who could have joined and made common cause with the plaintiff, were unwilling to do so, by reason of which it became necessary for plaintiff to make them parties defendant in a suit attacking a will. Such heirs were held to be competent to testify when called to do so by the plaintiff, they being held in such case to be opposite parties and therefore coming within the exception provided in the statute. It seems to us that if, under Oury v. Saunders, supra, the defendant R. R. Farmer cannot be regarded as occupying the position of a mere nominal party as to the issue between intervener and plaintiffs upon which he was called to testify, he was an opposite party to the intervener in as real a sense as was the case of the defendants in Sanders v. Kirbie, supra. It will not be contended that the witness would be disqualified for any other reason than that he was a party to the suit. For all purposes for which he was a party he was an opposite party to the intervener. We have therefore concluded that the trial court erred in excluding the testimony.

■■ Appellant further assigns as error a finding of the court below that the interlineation in the deed as above described was a forgery. It is insisted that there was no evidence of forgery. The real issue was whether or not said interlineation in the deed was made by. the direction of or with the consent of J. A. Edelbrock and J. W. Farmer. By common consent the parties seem to regard the fact of forgery or no forgery as determinative of that issue. The testimony of J. W. Stitt, an attorney, that he made the interlineation in the presence of both J. W. Farmer and J. A. Edelbrock upon their agreement and at their direction, was positive, unequivocal, and wholly undisputed, unless the fact and appearance of the interlineation in the deed tended to cast suspicion upon or render uncertain the truth of his testimony. It is suggested that Stitt was shown to be the attorney for J. A. Edelbrock and therefore occupied the position of an interested witness whose testimony presented an issue as to the credibility of the witness or the weight to be given his testimony. We are inclined to the view that the testimony does not show that Stitt should be regarded as an interested witness within such · rule. But whether he was or not, it seems to be well settled that it is proper for a trial court to instruct a verdict upon the uncontradicted testimony of interested witnesses when it is positive and unequivocal and there is no circumstance disclosed tending to discredit or impeach such testimony. Still v. Stevens (Tex. Civ. App.) 13 S.W.(2d) 956; Thomas & Co. v. Hawthorne (Tex. Civ. App.) 245 S. W. 966; Dunlap v. Wright (Tex. Civ. App.) 280 S. W. 276, 277; Joffre v. Mynatt (Tex. Civ. App.) 206 S. W. 951; Hill v. Staats (Tex. Civ. App.) 187 S. W. 1039; Dallas Hotel Co. v. Newberg (Tex. Civ. App.) 246 S. W. 754; Texas Life Ins. Co. v. Childress (Tex. Civ. App.) 204 S. W. 1035, 1038; Grand Fraternity v. Melton, 102 Tex. 399, 117 S. W. 788; Joske v. Irvine, 91 Tex. 574, 44 S. W. 1059.

The testimony of . Stitt, it may be said, was direct as to the facts which the parties have elected to make determinative of the issue in the case, and there is therefore involved no question of the proper inference to be drawn from facts testified to, which it may be said is always an issue for the jury unless but one reasonable inference can be drawn.

■■ It remains to consider whether the interlineation itself affords any evidence raising an issue for the jury. In response to proper motion by order of the trial court, the original deed containing the interlineation has been sent up with the transcript for our inspection. The undisputed evidence shows the deed was originally written in "longhand" by said Stitt. No testimony was introduced of handwriting experts offered as witnesses. The interlineation itself therefore could constitute no more evidence to the trial judge than appears to us. It is not shown that the trial judge was a handwriting expert, and indeed we are inclined to think that that fact is wholly immaterial, since if he was, in order to give the interlineation any more probative force than it appears to us to have, the fact of the trial judge's qualification to express an opinion, as well as his opinion, should have been made a part of the evidence in the case. This much, however, is said without any purpose to sanction or express an opinion upon the propriety or admissibility of opinion evidence of the trial judge. It may be that, unexplained, the fact alone that an interlineation was made in a completed instrument subsequent to its execution is some evidence of forgery. Without deciding that point, we are of opinion that if the explanation of the interlineation is shown by undisputed testimony having all the characteristics under the cases cited held to conclusively establish a fact by the testimony of even an interested party, then the fact of the interlineation loses any probative force it might otherwise have. First State Bank v. Jones, 107 Tex. 623, 183 S. W. 874. We have been forced to the conclusion that the interlineation considered in the light of the testimony of J. W. Stitt, the attorney who claims to have made it, affords no evidence or basis of legitimate inference that it is a forgery. We therefore find that the evidence was undisputed and sufficient to support a finding that the interlineation was made with the consent of J. W. Farmer. "The general rule is," says Corpus Juris, "that a change made with the consent of the parties to the instrument does not avoid it, but it will be binding on the consenting parties in its altered form." 2 C. J. 1239. Such an agreement would be binding upon J. A. Edelbrock and J. W. Farmer and upon an assignee of either having knowledge or being chargeable with knowledge of the agreement. Plaintiffs, as only the representatives of J. W. Farmer, succeed only to his rights and do not occupy the status of bona fide purchasers. Frank E. Edelbrock sets up the agreement and claims under it, and it is therefore immaterial whether he had any notice of it or not at the time he received his transfer. Under the state of the evidence as we find it, the trial court should in our · opinion have given judgment in favor of the intervener sustaining his claim to a preference. The case from the standpoint of the appellees appears to have been fully developed upon the trial, and we are therefore of opinion that it becomes our duty, under R. S. 1925, art. 1856, to render the judgment that should have been rendered below.

It is accordingly our opinion that the judgment of the trial court should be reformed so as to provide that, upon the sale of the property upon which foreclosure was decreed,

the proceeds, after the payment of costs and the expenses of sale, should be applied, first to the payment of the $860 note. and the balance remaining upon the $4,140 note, and that as so reformed the judgment of the trial court should be affirmed, all of which is accordingly so ordered.

- HICKMAN, C. J. (dissenting).

I concur in the holding of the majority that the trial court erred in excluding the testimony of R. R. Farmer. For this error, I think the cause should be retried. I do not concur in the judgment of the majority in so far as it renders judgment in this court in favor of appellant. While the order of the majority is that the judgment below be reformed and affirmed, the effect thereof, as between the parties to this appeal, is to reverse and render. The holding of the majority, as I understand it, is that, although an interested witness acknowledges that he changed a deed executed by another party after the deed had been delivered and recorded, still, if he gives a reasonable explanation thereof by testifying that the change was made by him by mutual consent of the parties affected, no issue of fact to be determined by the jury, or by the trial judge when no jury is demanded, is presented by the testimony. As disclosed in the opinion of the majority, this deed was re-recorded a few days after the death of J. W. Farmer. The change materially affected his property rights. It was interlined at the bottom of the deed following the warranty clause. The court heard the testimony of the attorney who states that he made the interlineation and also inspected the instrument, and from such testimony and inspection it was his opinion that the interlineation was not authorized by the deceased, J. W. Farmer.

It is my view of the law that where an interested witness acknowledges that he changed a written instrument executed by another than himself, that fact alone raises an issue of fact as to whether the change was authorized, even though such interested witness does testify that the interested parties agreed to the change and his testimony in that regard is uncontradicted. The exact question, I think, has been decided by our own courts. In the case of McDonald v. Nalle, 41 Tex. Civ. App. 499, 91 S. W. 632, 633, this question arose and was disposed of in this language: "Although appellee testified that the alteration in the note was made by his bookkeeper and without his authority, and no witness testified to the contrary; yet, as the alteration was in his favor and made while the note was in his possession, and as he was an interested party, the court should have submitted to the jury the issue as to whether or not the alteration was made by him. Bowser v. Cole, 74 Tex. 224, 11 S. W.

1131; Heierman v. Robinson [26 Tex. Civ. App. 491], 63 S. W. 657, 2 Tex. Ct. Rep. 1067; Railway v. Johnson, 23 Tex. Civ. App. 160, 55 S. W. 772, 791; Sonnentheil v. Brewing Co., 172 U. S. 401, 19 S. Ct. 233, 43 L. Ed. 492."

In the case of Schumann v. Brownwood Mutual Life Ins. Association (Tex. Com. App.) 286 S. W. 200, 202, the question above suggested was the controlling question. That case went to the Supreme Court from this court 276 S. W. 956. As in the case at bar, the judgment of this court reversed and rendered the judgment of the trial court. Writ of error was granted, and our judgment was reversed and the cause remanded for another trial. The opinion was written by the Commission, but the holding thereof was expressly approved by the Supreme Court. There, as here, an admitted change was made in a written paper after its execution, but a fair and reasonable explanation of it was testified to by the person making the alteration. In disposing of the question, this rule of law is announced: "It is well settled that a jury is not compelled to credit the statement of one who admits that he did anything to a paper which had theretofore been executed by someone else. * * * It was for the jury to say whether his explanation was false or otherwise." To the same general effect are: McWhirter v. Allen, 1 Tex. Civ. App. 649, 20 S. W. 1007; San Antonio Brewing Ass'n v. J. M. Abbott Oil Co. (Tex. Civ. App.) 129 S. W. 373; Wright v. Austin (Tex. Civ. App.) 1 S.W.(2d) 703.

There is another reason why I think this judgment should not be rendered in this court. The trial judge inspected the instrument and it was his opinion that the interlineation was a forgery. When we render a judgment for appellant, the effect thereof is to say that the interlineation was so certainly made by the witness that reasonable minds could not differ with regard thereto. In other words, as I understand it, the judgment of our court necessarily is based on the conclusion that there can be no difference of opinion as to whether the handwriting in the alteration was the same as that in the body of the deed. This conclusion is arrived at without the aid of any extrinsic evidence except that of the witness who made the alteration, and is based upon our inspection of handwriting. I am unable to say that the interlineation was made by one other than the witness, and do not so say. On the other hand, I could not so certainly determine from an inspection of a paper that the handwritings are identical as that I would disturb the judgment of the trial court and hold, as a matter of law, that there was no room for difference of opinion in regard thereto.

For the above reasons I respectfully enter my dissent.