## BOYD v. GUINN.
### No. 935.

Court of Civil Appeals of Texas. Eastland.
Dec. 18, 1931.

Stinson, Hair, Brooks & Duke, of Abilene, for appellant.

W. E. Lessing, of Abilene, for appellee.

HICKMAN, C. J.

This suit originated in the justice court. It comes to this court by appeal from a judgment of the county court in favor of appellee against appellant for $100 for services rendered and materials furnished in making a set of artificial teeth, and $20 as attorney's fees. The appellant, by his special answer in the court below, relied upon a warranty alleged to have been made to him by appellee to the effect that the teeth would not only be good and serviceable, but that same would be comfortable and would not hurt or cause him any pain. He alleged that it was agreed between the parties "that in the event said plaintiff does not make said teeth in all things satisfactory to the defendant that all the defendant would have to do was to bring the teeth and lay them down in said plaintiff's place of business, and that they would not cost the said defendant anything." A breach of the warranty by appellee and performance of the agreement on the part of appellant by returning the teeth to appellee were alleged. The case was submitted to the jury on special issues, by the answers to which the following findings of fact were made: First, The parties agreed that appellee would make appellant a set of teeth that would fit; second, the teeth did fit; third, the parties had no agreement that appellee would make a set of teeth that would be "serviceable, comfortable, would not hurt or cause defendant any pain and give satisfaction in every way." Upon these answers judgment was rendered for appellee as above set out.

The first and second assignments of error relate to the failure of the court to submit to the jury the issue of the amount which appellant agreed to pay appellee for the teeth. This question is presented in the first assignment as a fundamental error, because the judgment of the court for $100 was not supported by an affirmative finding by the jury. The second assignment complains of the refusal of the court to give in charge to the jury appellant's requested issue, as follows: "What amount did the defendant agree to pay the plaintiff for making the teeth, if anything?"

In order to determine the questions presented by these assignments, it is only necessary to decide whether the evidence was conflicting as to the price agreed to be paid for the teeth, for it is not necessary to have a jury finding on an undisputed issue. On this question Dr. Guinn testified as follows: "On or about May 1, 1930, about 11:30 in the forenoon he and his son Emmett Boyd came to my office and Mr. Boyd told me he wanted to get me to make him some teeth. At that time I told him that I would not have time to take the impression before dinner, to come back after dinner and that I would start the work then. At one o'clock he returned. I examined his mouth and he asked me what the teeth were going to cost him. I told him $100.00, and he said that he didn't want any high-priced teeth. He just wanted a cheap set of teeth. I told him that I would not make him a set of teeth for less than $100.00, that he had a hard mouth to fit and would require a great deal of work and that I would make him as many sets of teeth as were necessary to fit him. That there was a new tooth on the market, called the inverted cusp tooth. That I would make him two sets of teeth to start with, as I had never used any of that kind of teeth and would like to know whether they were any good, and I would just throw them in, and if they were any good he would have two sets of teeth instead of one, so he said 'All right, if you will do that, go ahead.' I then made him a set of teeth, using the regular cusp tooth, delivered them to him. * * * After he called on these dentists I told him that I was ready to start making the inverted cusp teeth. He said he didn't see any use in it, that the ones he had were all right, and he didn't want me to go ahead, if I was going to make his mouth sore taking the impression and fitting the plate as I did with the first set. I told him that I would be particular and not hurt his mouth as I had a better outline to go by than I did in the first, and would not let his plate cut him any more. That I wanted to make the teeth to find out if they were any better than the cusp teeth. That they were recommended for mouths in the condition his was. He agreed and we

went ahead and made the second set of teeth."

Appellant's testimony on this issue was as follows: "I told him I didn't believe he could make a set that would fit me; he said he could; I asked him what he would charge and he said one hundred dollars. I told him I didn't want a one hundred dollar set of teeth; Dr. Guinn said 'I will make you two pair, and if I cannot fit you, you don't owe me anything', and he said 'Come in and sit down, I want to see your mouth.' I sat down in the chair; he wanted to take the impression. I said 'I don't believe you can fit me; I never have had one that fit me.' He said, 'If I don't, you won't owe me a cent; all you have got to do is to bring them back here and I won't say a word.'" And again: "He told me that morning what the price of the teeth would be, before he ever started in on my mouth. I told him I didn't want two sets of teeth; I didn't want to pay that." And still again: "He told me he was making me one set of teeth for one hundred dollars and giving me the other set."

This testimony raises no issue of fact as to the price agreed to be paid. The offer made by Dr. Guinn to make the teeth for $100 was accepted by Mr. Boyd. The case is analagous to that of a customer who goes into a store and takes an article of merchandise after being advised of the price asked by the merchant for it. The rule governing in such cases is well stated in Williston on Contracts, vol. 3, § 1856, as follows: "It is a general principle that where an act may rightfully be done with certain consequences or effect, the actor cannot assert for his own advantage to avoid that effect, that the act was done wrongfully. One who is offered goods at more than their market value cannot take them and say 'I will convert them, but not buy them,' and thereby render himself liable for only their market value."

■ The third assignment of error challenges the ruling of the trial court in excluding certain testimony of the witness Emmett Boyd, proffered by appellant. This testimony related to conversations had between the witness and Dr. Guinn covering a period of several months prior to the time when the contract was made between appellant and appellee regarding the teeth. We find it unnecessary to determine whether this ruling was error, for it affirmatively appears to have been harmless, if erroneous. This same witness was permitted by the court to testify that he went with his father, the appellant, to Dr. Guinn's office on the occasion when the contract was made between them, and that he then asked Dr. Guinn to restate the things which he had theretofore told him, and was permitted to testify to all the things Dr. Guinn then said, which were but a restatement of prior conversations in all their ma-terial features. This certainly rendered harmless the error, if any, of the trial court in excluding the testimony.

■ The fourth assignment of error complains of that portion of the judgment awarding appellee $20 as attorney's fees. It is not questioned by appellant that the action was for services rendered and materials furnished by appellee to him, for which plaintiff is entitled, under article 2226, R. S. 1925, to attorney's fees. We therefore assume that the statute applies. The question presented is that it was error to render judgment for attorney's fee without submitting to the jury the question of its reasonableness. The only witness who testified on this subject was the attorney who appears here for appellee. His testimony was that $20 would be a reasonable attorney's fee for representing Dr. Guinn in the suit. He was an interested witness, and there is a rule that the testimony of interested witnesses, though not contradicted by any direct testimony, presents only an issue of fact to be determined by the jury. To this rule there is a well-settled exception. This exception applies to cases where the testimony is clear, unequivocal, and direct, and is free from any contradictions, inconsistencies, or circumstances tending to cast suspicion thereon. Golden v. First State Bank of Bomarton (Tex. Civ. App.) 38 S.W.(2d) 628, and authorities there cited; Edelbrock v. Farmer (Tex. Civ. App.) 43 S.W.(2d) 456.

■■ This rule has peculiar application to the question of attorney's fees. It was held by the Commission of Appeals in an opinion approved by the Supreme Court in Southland Life Insurance Co. v. Norton, 5 S.W.(2d) 767, 769, that on the question of the reasonableness of attorney's fees, the Court of Civil Appeals has the authority to disregard a jury finding and disregard the uncontradicted evidence, and, upon an assignment challenging the amount of the award for excessiveness, should fix the amount in the light of the entire record in the case before it. That opinion instructs Courts of Civil Appeals to view the matter in the light of the testimony, the record, the amount in controversy, "and their own common knowledge and experience as lawyers and judges." With this broad power given to us, our individual opinions become corroborating evidence. Viewing the record before us from our knowledge as lawyers and judges, it is apparent that the testimony of this witness should be accepted, for $20 is a small fee to be paid for an attorney in a case contested as has been this one. The record would indicate that several days have been spent in handling the litigation.

All of the assignments of error have been considered and overruled.

It is therefore our order that the judgment of the trial court be affirmed.