M. F. CONNOR et ux., Appellants,

v.

Edith PURCELL, Appellee.

No. 3718.

Court of Civil Appeals of Texas.

Eastland.

Sept. 7, 1962.

Rehearing Denied Sept. 28, 1962.

Kelley, Looney, McLean & Littleton, William S. Bell, Edinburg, for appellants.

B. R. Stewart, Edinburg, for appellee.

COLLINGS, Justice.

Edith Purcell filed an application in the Probate Court to have admitted to probate an alleged Nuncupative Codicil to the will of Hubert C. Drawe. The application was opposed in the Probate Court by Dorothy Lee Drawe Connor, joined by her husband, and by W. H. Drawe, individually and as independent executor of the will of said deceased Hubert C. Drawe. The application to probate the codicil was denied by the County Court and Edith Purcell appealed to the 93rd Judicial Court of Hidalgo County. That court, after a trial, ordered that the codicil be admitted to probate. From such judgment Dorothy Lee Drawe Connor and her husband have brought this appeal.

The deceased, Hubert C. Drawe, left a written will by which he gave everything to his wife. She predeceased him. W. H. Drawe made application to probate such will and was appointed independent executor of the estate according to the terms of the will. Appellee, Edith Purcell, after discovering the existence of the alleged Nuncupative Codicil, filed her application to probate which was refused. At the trial in the District Court Mrs. Purcell offered as witnesses in support of her application to probate Mrs. Mildred Edwards, Mrs. Carolyn Nabinger and W. H. Drawe. Appellants objected to the use of W. H. Drawe as a witness contending that he was not a credible witness. The court overruled appellants' objection and allowed W. H. Drawe to testify. The value of the estate of Hubert C. Drawe was shown to be in excess of $200,000.00. W. H. Drawe did not submit the Nuncupative Codicil for probate. The application to probate the codicil was filed by Edith Purcell. W. H. Drawe has not paid out any money on the basis of such codicil nor will he pay anything to appellee on the basis thereof without an order from the court.

In numerous points appellants contend that the court erred in ordering the alleged Nuncupative Will to probate, asserting that the undisputed facts show that one of the three required witnesses, to-wit, W. H. Drawe was not a credible witness because he was named executor of the estate of the deceased, Hubert C. Drawe, and as such was a party in interest and disqualified to act as a witness in support of the alleged Nuncupative Codicil; that he was further disqualified from testifying concerning any transaction between himself and the deceased Hubert C. Drawe by reason of the provisions of Article 3716 Vernon's Ann.Tex.Civ.St.

We cannot agree with appellants' contention and his points in this connection are overruled. W. H. Drawe was not disqualified to testify by Article 3716. That statute specifically excepts from its provisions executors in such cases when they have been called to testify by the opposite party. W. H. Drawe was a defendant or contestant of the application to probate the codicil of Hubert C. Drawe. He was called as a witness by the opposite party and was under the circumstances competent to testify, Sanders v. Kirbie et al., 94 Tex. 564, 63 S.W. 626.

The court did not err in holding that W. H. Drawe was a credible and qualified witness to testify in support of the Nuncupative Codicil in question. Sec. 64 of the Probate Code, V.A.T.S. provides that:

> "Any person who is competent to make a last will and testament may dispose of his *personal property* by a nuncupative will *made under the conditions and limitations prescribed in this Code."* (Emphasis added)

Section 65 of the code provides that:

> "No nuncupative will shall be established (1) unless it be made in the time of the last sickness of the deceased, (2) at his home or (3) where he has resided for ten days or more next preceding the date of such will, (4) except when the deceased is taken sick away from home and dies before he returns to such home; nor when

the value exceeds Thirty Dollars, unless it be proved by three credible witnesses that the testator called on a person to take notice or bear testimony that such is his will, or words of like import."

Section 86 states:

"When the value of the estate exceeds Thirty Dollars, a nuncupative will must be proved by three credible witnesses that the testator called on a person to take notice or bear testimony that such is his will, or words of like import."

Section 61 provides:

"Should any person be a subscribing witness to a will, and also be a legatee or devisee therein, if the will cannot be otherwise established, such bequest shall be void, and such witness shall be allowed and compelled to appear and give his testimony in like manner as if no such bequest had been made. But, if in such case the witness would have been entitled to a share of the estate of the testator had there been no will, he shall be entitled to as much of such share as shall not exceed the value of the bequest to him in the will."

Section 62 provides:

"In the situation covered by the preceding Section, the bequest to the subscribing witness shall not be void if his testimony providing the will is corroborated by one or more disinterested and credible persons who testify that the testimony of the subscribing witness is true and correct, and such subscribing witness shall not be regarded as an incompetent or non-credible witness under Section 59 of this Code."

■ Appellants' contention is that W. H. Drawe was not a credible witness to establish the will as required by the provisions of the Probate Code, because he was named executor of the estate of the deceased; that he was therefore an interested witness and was disqualified. The above quoted provisions of the code show not only the requirement that witnesses to Nuncupative Wills are to be credible but also certain qualifications and exceptions to the disqualification of a witness because of interest. Section 61 of the Code is applicable to subscribing witnesses to a will generally and in our opinion should be held to apply to witnesses to a Nuncupative Will. That section provides that a devisee in a will is a competent witness to prove its execution although the legacy as to him is void. The witness Drawe was an opponent to the application to probate the codicil. Such a witness may even be compelled to appear and give his testimony. W. H. Drawe was, under the circumstances, not an incompetent or non-credible witness under the provisions of the Probate Code, and appellants contention to the contrary is overruled. Martin v. McAdams, 87 Tex. 225, 27 S.W. 255; Moos v. First State Bank of Uvalde, Tex.Civ.App., 60 S.W.2d 888; Richardson v. Bean, Tex.Civ.App., 246 S.W. 1096, (Writ Ref.); Ridgeway v. Keene, Tex.Civ.App., 225 S.W.2d 647.

■ In appellants' points No. 5 and 6, it is contended that the court erred in ordering the Nuncupative Will to probate because, the testimony of the three witnesses concerning the facts surrounding the making of such will are not in substantial agreement, and that the court erred in finding that there was a substantial agreement in the testimony of such witnesses. Appellant also contends that such finding of the court is contrary to the preponderance of the evidence.

The record shows that all of the witnesses to the making of the claimed Nuncupative Codicil testified to the fact that the deceased Hubert C. Drawe had been involved in an accident and taken to the hospital, and that the matters involving the making of such codicil occurred in the afternoon of July 14, 1959, between 2:00 and 3:00 o'clock P.M.; that during that period the alleged codicil, which was intro-

duced in evidence as Exhibit "1", was reduced to writing by Mrs. Mildred E. Edwards, one of the witnesses thereto, and was as follows:

"Statement of Hubert C. Drawe:

" 'I want my brother W. H. Drawe, to see that Edith Purcell and daughters get enough of my estate to buy a little home, not to exceed $12,000.00.

" 'The money is to be put into a home and not given in cash, unless used for educational purposes.

" '2:40      Mildred E. Edwards
" 'July 14, 1959   Carolyn E. Nabinger.' "

It is undisputed that Hubert C. Drawe died between 11:00 and 12:00 o'clock P.M. of that same day. The witnesses agreed that the writing was signed by Mrs. Edwards and Mrs. Carolyn Nabinger in the presence of the witness W. H. Drawe. The parties were agreed that such writing substantially reflected the words said by Hubert C. Drawe on the afternoon of July 14, 1959. The witnesses were in agreement that the writing was read at least once to the decedent Hubert C. Drawe and that he stated in the presence of all three witnesses that it set out what he wanted done; that after the statement had been made by the said Hubert C. Drawe, had been reduced to writing and read to and approved by him and signed by Mrs. Edwards and Mrs. Nabinger, it was delivered into the keeping of W. H. Drawe. Appellants contend that there are statements by the witnesses which are in direct conflict and that there is no substantial agreement between them concerning the facts necessary to establish the Nuncupative Will. We cannot agree with this contention. The testimony of the witnesses as above substantially set out is not in conflict concerning any material matter and is sufficient to establish the making of the Nuncupative Will. There was no disagreement by any one of the witnesses concerning any provision of the codicil regarding the disposition of the estate of Hubert C. Drawe. The only conflict, if any, in the testimony of the witnesses involved surrounding facts and circumstances. An examination of the testimony shows that some of the so called conflicts were, or could have been, statements concerning occurrences which happened at different times. In any event, the conflicts were not of such a material nature as to prevent a substantial agreement among the witnesses concerning the facts material to establish the making of the Nuncupative Will. The finding of the court in this respect was not, as appellant contends, against the preponderance of the evidence.

Section 64 of the Texas Probate Code, as hereinabove set out, provides for the disposition by a Nuncupative Will of personal property. Under this statute it is held that real property cannot pass by a a Nuncupative Will. 44 Tex.Jur. 660, 661. Appellants contend, in numerous points, that the Nuncupative Codicil here involved, directs the executor to convey real estate contrary to the code and the laws of this State and that the court erred in finding and holding that the effect of the language of the codicil was to devise personal property. The contention is not well taken. The first paragraph of the codicil devises "enough of my estate to buy a little home, not to exceed $12,000.00." This is a devise of money with limitation as to the amount and upon its use. In the last paragraph of the codicil the devise to appellee is described as, "money." The instruction to the executor that the money was "to be put into a home and not given in cash" does not alter the fact that the devise was one of money. The provision in the second paragraph was in accord with the limitation of use of the money indicated in the first paragraph but with the further provision, in effect, that such money might be used for educational purposes. The court properly found that Hubert C. Drawe intended to devise personal property and not realty.

442

Appellants' points to the effect that the court erred in admitting the Nuncupative Codicil to probate because the undisputed evidence showed that Hubert C. Drawe was physically able to sign a written will at the time, and that there was no evidence to support the finding of the court that Hubert C. Drawe was physically unable to sign a written will had no support in the evidence and are overruled. The provisions of Section 64 and 65 of the Probate Code, concerning the making of a Nuncupative Will, do not require that the maker must be physically unable to sign a written will. The evidence does show one of the alternate requirements of Sec. 65, authorizing the establishment of such a will when "* * * made in the time of the last sickness of the deceased * * * when [he] is taken sick away from home and dies before he returns * * *."

In other points appellants contend that the evidence showed that it was the intention of the deceased, Hubert C. Drawe, to make a written will, incorporating therein the substance of his statement of intention, to be executed by him in the presence of two witnesses, and in the absence of such a duly executed written will, his statement of intention is void and unenforceable. Appellants further contend that the wording and statements of the alleged Nuncupative Will are vague, indefinite and uncertain and amount to no more than words of intrigue and request and are unenforceable.

The evidence plainly shows an intention on the part of the deceased, Hubert C. Drawe, to demise a portion of his estate. It shows a present testamentary intent and not a mere indication by the decedent of the terms of a contemplated written will. It shows that he called upon the three named witnesses to take notice of and to bear witness that such expressed desire on his part was his will. In our opinion this evidence and the evidence concerning other facts in connection with the matter under consideration amply supports the finding of the existence of all the facts and requirements of a Nuncupative Will as set out in Sections 64 and 65 of the Probate Code.

The wording of the Nuncupative Will of Hubert C. Drawe does show an intention to vest in his brother, W. H. Drawe, discretion with reference to the bequest to appellee. This fact does not make the will void. 96 C.J.S. Wills § 1037; Lightfoot v. Poindexter, Tex.Civ.App., 199 S.W. 1152. Appellants' points in this respect are overruled.

The judgment is affirmed.