Carl W. DANIEL et al., Appellant,

v.

Ted E. RICHARDS, Jr., Executor, et al., Appellees.

No. 6732.

Court of Civil Appeals of Texas.

Beaumont.

Feb. 11, 1965.

Rehearing Denied April 7, 1965.

R. A. Richardson, Kountze, for appellant.

R. Richard Roberts, Houston, for appellees.

STEPHENSON, Justice.

This is a will contest case. The jury found that the testatrix was of sound mind at the time of the execution of the last will dated May 31, 1958, and at the time of the execution of codicils dated March 18, 1959, and June 27, 1959. Upon these jury findings the trial court ordered that such will and codicils be admitted to probate.

Josie Broussard Mitchell, the maker of this will and these codicils, died May 5, 1960. Carl W. Daniel, brother of the deceased, and George E. Daniel, nephew of the deceased, contested the application to probate this will and these codicils and appealed to the district court from an adverse decision in the county court. Ted E. Richards, Jr., named as executor was the proponent. The parties will be designated "contestants" and "proponent" as they were in the trial court.

Contestants contend first that the trial court erred in admitting into evidence a prior will of the deceased, when such prior will had not been properly proved. The trial court admitted into evidence, for the limited purpose of showing "continuing intent", a will dated May 24, 1954, and executed by Josie Broussard. Both wills left the bulk of the estate to the Church of Christ. Contestants objected to such admission in evidence on the ground that such will had not been properly proved. The record shows that the will dated May 24, 1954, was admitted in evidence after a lay witness, Joe Earl Gates, had been asked if the signature on the will was that of Josie Broussard, and the witness replied: "That looks like it to me; that's it." Contestants point out that this prior will had two subscribing witnesses, neither of which was called, and that proof was not made in accordance with old Article 3344, Vernon's Ann.Tex.Civ.St. This article had no application to the present case as the prior will was not offered for probate, but only as evidence of "continuing intent". The identification of the signature was all that was necessary in order to make this instrument admissible in evidence. The prior will was both relevant and material on the issues of mental capacity and undue influence. This latter issue had been raised by the pleadings of the contestants, but no jury issues were requested as to undue influence and it was therefore waived. Rule 279, Texas Rules of Civil Procedure.

**454**

Contestants also urge, in connection with the foregoing point, that the trial court erred in not sustaining their motion to strike the will of May 24, 1954. In cross-examination of the witness Joe Earl Gates, it developed that this witness, having first identified the signature of the testatrix, later stated he could not be positive. The record demonstrates that this witness was familiar with the handwriting of the testatrix, and that it was his opinion that the signature on the will was that of Josie Broussard. Nothing more was required to make the instrument admissible. The fact that this witness may not have been positive goes to the credibility rather than the admissibility. In any event, the only issues submitted to the jury were those in reference to mental capacity. Many witnesses testified as to the soundness of mind of the testatrix, and this prior will was merely cumulative on these issues. No points of error have been raised that there was no evidence to support the findings of the jury or that such evidence was insufficient. No possible harm could have resulted to contestants and the point is overruled. Rule 434, T.R.C.P.

Contestants complain of the action of the trial court in excluding the testimony of the witnesses Alfred L. Daniel and wife, Eura Daniel. These witnesses were named as contingent beneficiaries in the first codicil offered and admitted to probate, dated March 18, 1959. This codicil provided for a certain tract of land to go to Alfred L. Daniel and Eura Daniel if Henry Mitchell predeceased the testatrix. The record shows that Henry Mitchell died first, and the testatrix then executed the second codicil dated June 27, 1959. In this second codicil no provision was made to leave anything to Alfred L. Daniel and Eura Daniel. In the event the jury found the testatrix to be of sound mind at the time of the execution of the will dated May 31, 1958, and at the time of the execution of the first codicil dated March 18, 1959, but of unsound mind at the time of the execution of the second codicil dated June 27, 1959, then Alfred L. Daniel and Eura Daniel would receive the tract of land. Even though these witnesses were not formally made parties to their suit, they were "parties" within the meaning of Article 3716, Vernon's Ann.Tex.Civ. St.

Contestants cite cases to the effect that Art. 3716, Vernon's Ann.Tex.Rev.Civ. St., has no application to cases involving legatees. However, in the cases cited neither an executor nor an heir was a party to the suit. In the instant case the executor is the proponent. The only question then left to determine was whether the witnesses called were "parties" to the suit. These witnesses had a direct and substantial interest in the controversy and would be bound by any judgment entered in the case. Being "parties", these witnesses were not competent to testify. Corbell v. Koog, (Tex.Civ. App.) 188 S.W.2d 905 (writ ref'd.).

Contestants contend further that they were permitted to call Alfred L. Daniel and Eura Daniel as "adverse parties". It is pointed out that under Art. 3716, V.T. C.S., a "party" may be called to testify by the "opposite party". Alfred and Eura Daniel were not heirs of the testatrix, and they could prevail in this case only if the testatrix had been found to have been of sound mind at the time of the execution of the will and the first codicil, and of unsound mind at the time of the execution of the second codicil. Eura Daniel was the daughter of Henry Mitchell, who died March 25, 1959. The contestants in this case could recover only as heirs, and the will and both codicils had to be set aside in order for them to prevail. The interests of the contestants and the witnesses, Alfred and Eura Daniel, were adverse. The bill of exception shows that these witnesses would have testified that the testatrix was of un-

sound mind at the time of executing the will and both codicils which were admitted to probate. This does not alter the situation as to their being "opposite parties". Sanders v. Kirbie, 94 Tex. 564, 63 S.W. 626. It was error for the trial court to exclude the testimony of these witnesses.

■ Under Rule 434, T.R.C.P., we must now determine whether or not contestants have demonstrated that but for the exclusion of such testimony the jury would in all reasonable probability have returned a verdict other than the verdict it did return. Maddox v. Gulf, Colorado & Santa Fe Railway Co., (Tex.Civ.App.) 293 S.W.2d 499. The bill of exception shows that Alfred L. Daniel would have testified: That he knew the testatrix during her lifetime and had occasion to be around her and talked to her enough to observe her condition and demeanor; that he observed her from 1957 when she married Henry Mitchell until the death of Henry Mitchell in 1959; that he had formed an opinion as to her sanity; that in his opinion testatrix was of unsound mind on May 31, 1958. It was stipulated that he would give the same opinion as to the other two dates. It was further stipulated that Eura Daniel would give the same testimony if permitted to testify. The record shows that contestants called eight other witnesses who testified in detail as to their observation of testatrix, and each gave the opinion that testatrix was of unsound mind. The statement of facts is 636 pages and the question as to sanity of the testatrix was fully developed by both sides. The equivalent of the excluded testimony and much more was actually admitted in evidence. We are unable to say that the error of the trial court in excluding the testimony of these two witnesses, is shown to have probably affected the verdict. Mrs. Baird's Bread Co. v. Hearn, 157 Tex. 159, 300 S.W.2d 646. The points are overruled.

Affirmed.