Ted E. RICHARDS, Executor, Appellant,

v.

Geo. DANIEL et al., Appellees.

No. 7639.

Court of Civil Appeals of Texas,
Beaumont.

Jan. 16, 1975.

Motion for Rehearing Overruled
Feb. 6, 1975.

Martha Smiley, Asst. Atty. Gen., John W. O'Dowd, Ray Schindler, Houston, for appellant.

R. A. Richardson, Kountze, Houston I. Thompson, Silsbee, for appellees.

DIES, Chief Justice.

On January 18, 1961 in Cause No. 2704, the County Court of Hardin County admitted to probate the will and codicils of Josie Broussard Mitchell. This was appealed to the District Court which on January 17, 1964, after a jury trial, took the same action. The case was appealed, which we affirmed February 11, 1965 [Daniel v. Richards, 388 S.W.2d 452 (Tex.Civ.App.—Beaumont 1964, no writ)].

On December 14, 1965, the unsuccessful contestants filed another suit (No. 2995) in the County Court of Hardin County "cancelling, annulling . . . said will and codicils . . . [p]ursuant to Article 93 of the Texas Probate Code." [This petition is included in our transcript and shows to be filed in Vol. 46, Page 525, of the court records. While the date of its filing is not given, the date of December 14, 1965, is set out by the Attorney General and has not been denied by contestant—appellees.]

On January 24, 1966, Ted E. Richards, Jr., Independent Executor of the Estate of Josie Broussard Mitchell, filed a Plea in Abatement and Answer asserting the necessity of making the Attorney General of Texas a party under Vernon's Tex.Rev. Civ.Stat.Ann. art. 4412a (1925).

On October 16, 1967, contestant—appellees—filed a Motion for Summary Judgment in Cause No. 2995 asking the court to declare void the judgment entered in Cause No. 2704 on the ground the Attorney General was not a party to Cause No. 2704.

On December 14, 1967, the Attorney General (Crawford Martin) intervened. On September 24, 1973, Executor Richards, the Church of Christ, and John O'Dowd moved to dismiss for lack of jurisdiction and want of prosecution.

On June 11, 1974, the County Court of Hardin County granted the motion for summary judgment "and the judgment entered by this Court in Cause No. 2704 on the 18th day of January, 1961 be, and the same is, set aside and held for naught . . . . ."

June 20, 1974, an instrument was filed in 2704 by the Attorney General (Crawford

Martin) in which it was stated that in his judgment and discretion it was to the best interest of the public for him to join and enter into the judgment admitting this will to probate. On July 9, 1974, an instrument was filed in 2704 by the Attorney General (John L. Hill) to the same general effect.

Executor Richards died November 1, 1971, and is succeeded by O'Dowd. The Church of Christ is a beneficiary under the Mitchell will.

It is from the Hardin County Summary Judgment of June 11, 1974, setting aside its judgment No. 2704 of January, 1961, that O'Dowd, the Church of Christ, and the Attorney General of Texas perfect this appeal.

At the time this will contest was appealed to the District Court (1964) and at the time of our opinion in affirmance, Daniel v. Richards, supra, an appeal to the District Court required a de novo trial. That is to say, one "from the beginning; once more; anew," 11 Tex.Jur.2d Certiorari § 30 (1960). See Tex.Prob.Code Ann. § 28, V.A.T.S. (1956); Texas Rules Civil Procedure, rule 334 as originally promulgated. See also, Hayden v. Middleton, 135 S.W.2d 281 (Tex.Civ.App.—Beaumont 1939, no writ); A & M College of Texas v. Guinn, 280 S.W.2d 373 (Tex.Civ.App.—Austin 1955, writ ref'd n. r. e.).

Therefore, the County Court's Summary Judgment setting aside its previous 1961 judgment admitting the will to probate means nothing. That had already been accomplished in 1964 when the case was appealed to the District Court. In Southern Canal Co. v. State Board of Water Eng., 159 Tex. 227, 318 S.W.2d 619, 622 (1958), we find:

"In Lone Star Gas Co. v. State, 137 Tex. 279, 153 S.W.2d 681, 692, we said: 'Power to try a case de novo vests a court with full power to determine the issues and rights of all parties involved, and to try the case as if the suit had been filed originally in that court.' The sine qua non of a de novo trial as that term is used to describe a retrial of a matter or controversy theretofore tried by another tribunal is the nullification of the judgment or order of the first tribunal and a retrial of the issues on which the judgment or order was founded. *When jurisdiction of the second tribunal attaches, the judgment or order of the first tribunal is not merely suspended, but is nullified.*" (Emphasis supplied)

See also, Birmingham v. Shamrock Motor Co., 75 S.W.2d 297 (Tex.Civ.App.—Eastland 1935, no writ), and Speed v. Sawyer, 88 S.W.2d 556 (Tex.Civ.App.—Amarillo 1935, no writ); Tex.R.Civ.P. 264.

The judgment of the County Court of Hardin County in Cause No. 2995 setting aside its former judgment in Cause No. 2704 is reversed and the case is dismissed. Costs are taxed against appellees.

Reversed and dismissed.